## *Baxter vs. Evett's lessee.*

Appeal from the Estill circuit court; Geo. Shannon, Judge.

*Boundaries of surveys. Lines and corners.*

Chief Justice Bibb, delivered the opinion of the Court.

In 1825, this ejectment was instituted. The plaintiff claims by patent of 1812, for 150 acres, by survey of 1803, in consideration of a certificate granted by the county court of Madison, of February, 1803, by virtue of the act of Kentucky for settling and improving her vacant lands.

The defendant claims under a patent dated in 1800, issued to Glasscock and Orear, in consideration of a Virginia Land Office warrant, surveyed in 1795, for 4086 3-4 acres.

The plaintiff gave evidence of the existence of a single corner, corresponding in marks with one of those named in his patent, and claimed by the courses and distances protracted from that corner, no other corner or marked lines of his patent being shewn; he proved that the courses and distances from this corner, according to his patent, will include the land in controversy; and proved that the defendant was in possession at the service of the ejectment.

The defendant gave evidence, conducing to show the reputed boundaries of the patent of Glasscock and Orear, and that these reputed boundaries included the land in controversy. The courses and distances from abuttal to abuttal, in the patent of Glasscock and Orear, named, are about twenty five in number, of which about nineteen are extant, and not disputed—that is to say: the corners, on the annexed diagram, at figure 1, and the lines around by 2—18 to 19, are all found marked, and corresponding with the patent so plainly, that no question arises in this quarter. But the plaintiff desires to protract the survey of Glasscock and Orear from 19 around to 1, according to the lines 19, K, L, M, 27, 24, 1. The defendant in ejectment claims this patent by the lines, 19, 20, 21, 22, 23, 24, 1.

A, B, C, D, E represents the plaintiff's patent as claimed by him.

---

*Margin notes:*

Ejectment.

Case 67.

June 10.

Plaintiff's claim.

Defendant's claim.

Plaintiff's evidence of his boundary, and defendant's possession.

Defendant's evidence of his boundary.

BAXTER
vs.
EVETT'S les-
see.

The line 19—K, is according to the course and distance named in the patent of Glasscock and Orear; but no corner is found there, nor any marked line or corner from thence by L, M, 27.

A deed by Evett, the lessor of the plaintiff, to Miller, dated in 1818, for 85 acres, part of his patent for 150 acres, professes and names to be bounded by one of the lines of Orear and Glasscock; and the defendant gave evidence, conducing to show, that 20, 21, is the line so alluded to in that deed.

At 22 there is a black oak, marked as a corner, and a plain marked line from 22 to 23.

The lines 22, 23, 25, 26, represent a part of the abuttals of Walton's survey, called for in the patent of Glasscock and Orear.

The evidence of the defendant conduced to prove, that 22 to 23 has been reputed, for twelve or fifteen years past, the line of Walton, and the line of Glasscock and Orear.

There was evidence, also, that the lessor, Evett, had acknowledged, some eight or nine years ago, that the land now in controversy, was inside of Glasscock and Orear's patent.

The plaintiff gave evidence conducing to shew, that the black oak corner at 22, and the line 22, 23, were, in appearance, too new to have been marked for Glasscock and Orear.

Another witness stated, that about twelve or fifteen years then past, he had been around the lines of Glasscock and Orear, with Joseph Barnett, the surveyor of the county; that the lines were then run by Barnett, as now claimed by defendant, and would include the land in controversy.

Another witness stated that the black oak, at 23, had been, for some years past, called Orear's corner in Walton's line.

Surveyor's report.

From the surveyor's report and plat, it appears that from the corner 19 to 20, the distance is 850 poles, exceeding the distance named in the patent by one hundred and fifty poles; and that the actual distance from 24 to 1, or 27 to 28, is seven hundred

poles, instead of five hundred and twenty eight poles.

Taking the two undisputed corners, 1 and 19, and the marked boundaries between them, which constitute the southern and eastern boundaries of the survey, and the northern and western boundaries of the patent cannot be closed by the protraction (even disregarding all marked abuttals named,) without departure from distance on some one or more of the lines; and to close the survey, by following Walton's line as represented on the plat, it becomes indispensable to lengthen some of the lines. That is to say, the undisputed abuttals for the southern and eastern parts of the survey, now visibly extant, as originally demarked, have demonstrated an excess there, above the distances named in the patent; so that an excess above the distance named in the patent, for the northern and western lines becomes indispensable, on some one or other of those lines, otherwise the survey can not be closed.

This necessary departure from the patent distance, somewhere, has produced this controversy. The plaintiff in ejectment contends, that for the northern and western boundaries, no abuttals are visible; and, therefore, that the survey is to be completed by resort to the courses and distances, closing the survey by intersections, and so as to exclude from the area of the patent of Glasscock and Orear, the survey of one hundred and fifty acres, as claimed under the patent of Evett. The defendant contends that he has given such evidence touching the lines 20 to 21, and 22 to 23, as that the patent of Glasscock and Orear should be extended to them, and that the evidence relative thereto, if believed by the jury, ought to control and govern the survey, in preference to the ideal constructive boundary contended for by the plaintiff.

The patent of defendant, (that is, of Glasscock & Orear, whose deed he holds,) begins at 1—describes it as the corner of Wm. French—and then progresses on to 19, by courses, distances and abuttals, which need not be recited; from 19 (a very large white oak, corner to Wm. Mayo,) the description is, south

*Margin:* BAXTER vs. EVETT's lessee.

Discussion of the evidence of defendant's boundary.

86 west, 700 poles, *to pointers, corner for* Rob. Whit-
ley; with his lines, south 196 1-2 poles, to pointers, an-
other of said Whitley's corners; *west,* 100 poles, with
said Whitley, to another of his corners, in Robert
Walton's line; thence with Walton's line, *south,* 453
1-2 poles, to pointers, corner for Wm. French *in said*
Walton's line; thence with French's line, *east,* 160
poles, to pointers; with another of said French's
lines, *south,* 528 poles, to the beginning. From 19,
around by 20, and so on to 1, the patent names no.
*specific tree;* these abuttals are described by refer-
ence to Whitley's, Walton's, and French's lines and
pointers, except at Whitley's corner in Walton's
line at 22, where a corner is called for, but the tree
is not specified; there the black oak corner stands.

The defendant moved three *instructions,* all of
which were hypothecated upon the jury's finding
the corners 1 and 19. The first instruction was sub-
stantially intended to declare the law to be, that the
reversed courses and distances of defendant's patent,
from the corner at 1, around *westwardly,* to find the
intersections and ideal boundaries, were to be resort-
ed to, only in case the jury should find no marked
line nor corner on the said reversed courses, between
the beginning at 1, and the line running westwardly
from 19; this the court refused.

Instructions
moved by the
defendant,
and overruled
by the court.

The second instruction asked, proposed, that if
they found the corner at 19, but no marked corner
on the line westwardly, and found the *corner of said*
Glasscock and Orear, at 22, then the desired corner
on the line westwardly from 19, was to be determin-
ed by intersection, by *reversing the lines from the*
corner found at 22, and pursuing those lines if mark-
ed, if not marked, by pursuing the patent course and
distance; thence *to reverse the next course of the pa-*
tent, and pursue it to intersect the line from 19,
westwardly, if marked, or if not marked, according
to the patent course, and that the intersection so
found upon the westwardly, line would be the cor-
ner; this was denied.

Thirdly, to instruct the jury, that if they believed
there was a marked corner of Glasscock and Orear's
patent at 21, and no marked corner on the line 19,

20, except at 19, and that running from said corner at 21, according to the reversed calls of said patent, and running the line from the corner at 19, would make the intersection at 20, as represented on the plat, that then such intersection at 20 would be the corner; this the court refused to give except with this qualification: provided the jury should believe, by reversing the courses and distances from the beginning (at 1,) the corner should be found at 21, or that the reversed lines were marked.

The jury found for the plaintiff; the defendant moved for a new trial, because the jury found against the law and the evidence, and because the court misdirected the jury; the new trial was refused; and *the whole evidence is stated in the bill of exceptions, together with the instructions moved as aforesaid.*

The rule is, that the visible or actual boundaries, natural or artificial, called for in a certificate of survey, are to be taken as the abuttals, so long as they can be found, or proved. The legal presumption is, that the surveyor performed the duty of marking *and bounding* the survey by artificial or natural abuttals, either made or adopted at the execution of the survey. And if this presumption could be destroyed by undoubted testimony, yet as this was the fault of the officer of the government, and not of the owner of the survey, his right ought not to be injured, when the omission can be supplied by any rational means and description furnished by the certificate of survey. In locating a patent, the inquiry first is, for the demarcations of boundary, natural or artificial, alluded to by the surveyor. If these can be found extant, or if not now existing, can yet be proved to have existed, and.their locality can be ascertained, these are to govern. The courses and distances specified in a plat and certificate of survey are designed to describe the boundaries as actually run and made by the surveyor, and to assist in preserving the evidence of their local position, to aid in tracing them whilst visible, and in establishing their former position in cases of destruction by time, accident, or fraud. As guides for these purposes, the courses and distances named in a plat and

BAXTER
vs.
EVETT's lessee.

Verdict and judgment for plaintiff, and motion for new trial overruled.

Actual abuttals, artificial or natural, made or adopted by the surveyor, govern the boundary wherever they are extant, or their former existence can be proved.

certificate of survey are useful. But a line or cor-
ner established by a surveyor, in making a survey up-
on which a grant has issued, can not be altered be-
cause the line is longer or shorter than the distance
specified, or because the relative bearings between
the abuttals vary from the course named in the plat
and certificate of survey. So, if the line run by the
surveyor be not a right line, as supposed from his
description, but be found by tracing it to be a curv-
ed line, yet the actual line must govern; the visible
actual boundary, the thing described, and not the
ideal boundary and imperfect description, is to be
the guide and rule of property. These principles
are recognized in Beckley vs. Bryan, prin. dec. 107,
and Litt. Sel. Cas. 91; Morrison vs Coghill, prin.
dec. 382; Lyon vs. Ross, 1 Bibb 467; Cowan vs.
Fauntleroy, 2 Bibb 261; Shaw vs. Clement, 1 Call.
438, 3rd point; Herbert vs. Wise, 3 Call. 239; Ba-
ker vs. Glasscocke, 1 Hen. & Munf. 177; Helm vs.
Small, Hard. 369.

In the case under consideration, it does appear
from the evidence given, that the plaintiff could not
recover, but by confining Glasscock and Orear's pa-
tent to the courses and distances on the western
boundary, in disregard of the actual boundary allud-
ed to and described in the plat and certificate of sur-
vey, which the evidence adduced by the defendant
did conduce to prove, as being at 20, 21, 22, 23.
And by an attentive examination of the manner in
which the judge ruled the motion for instructions,
it does appear, that he did give the opinion and di-
rection, that unless the courses and distances from
the corner at 1, (the beginning named in the patent,)
when reversed would lead to the corners at 21 and
22, the patent did not extend to them, notwithstand-
ing the jury should believe those to have been the
marked corners alluded to in the patent. And in so
doing, he did go upon the erroneous doctrine that
the actual boundaries described and alluded to, in
the plat and certificate of survey, on which Glass-
cock and Orear's patent was founded, should not
prevail, over the distances called for. In effect, the
judge confined the patent to the short distance, in-
stead of to the actual boundary made and intended

to be described, of which description, distance was but part, and was imperfect and mistaken.

It seems to this court, that the circuit judge erred in refusing the instructions asked, and in annexing the qualification as to the distance, as stated in the bill of exceptions. It is, therefore, considered by the court, that the judgment of the circuit court be reversed, and that the case be remanded, for a *venire facias de novo.*

The appellant to recover his costs.

*Breck* and *Hanson* for appellant; *Caperton* for appellee.