O. K. KEY, *Plaintiff in Error,* v. D. H. ALEXANDER, *Defendant in Error.*

Division B.

Opinion Filed May 20, 1926.

*Shepard & Wahl,* for Plaintiff in Error;

*Noah B. Butt,* for Defendant in Error.

BUFORD, J.—The plaintiff in error sued the defendant in error in the Circuit Court of Brevard County, Florida, upon an alleged breach of defendant's contract to convey to plaintiff certain lands.

The contract which was the basis of the cause of the action was in the following language:

"Received of O. K. Key One Hundred Dollars, being part of the purchase price of Lot 'C', a subdivision of Lot Two Davison and Benedicts subdivision-located in Section 33, Twp. 24 South, Range 36 East.

"The entire purchase price being $1750.00—the balance of $1650.00 to be paid within thirty days from this date.

"Party of the second part, sellor, hereby agrees to convey the above described property by a good and sufficient warranty deed to the said O. K. Key when this receipt has been complied with—Failure to pay the balance of $1650.00 forfeits the hundred dollars paid this day as liquidated damages. Title to the property to be free and clear of any and all encumbrances of every nature and kind and I hereby agree to furnish the said O. K. Key an abstract of title showing a good record title marketable, and free, etc.

"Dated at Cocoa, February 2, 1924,           D. H. Alexander (Seal)
Signed, sealed and delivered
in the presence of
Albert L. McGlaun
R. B. Holmes

"Accepted
O. K. Key."

And the plaintiff alleged his damages in the following language:

"That plaintiff did on the 2nd day of February, 1924, acting in good faith and under the terms of said contract, pay to said defendant the sum of One Hundred Dollars;

then on the 2nd day of March, 1924, thirty days after the payment aforesaid, acting in good faith and under the terms of said contract did tender to the said defendant the balance due under said contract, to-wit: Sixteen Hundred and Fifty Dollars and no/100 dollars ($1650.00) in good lawful money of the United States of America, and demanded of the defendant that he carry out his, the defendant's, part of said contract as therein set forth; that he demanded of said defendant a conveyance by good and sufficient warranty deed of said premises, and the furnishing by said defendant of an abstract of title, showing a good record title in said defendant, marketable and free, etc., as provided by said contract.

"That said defendant then and there refused to carry out any of the terms of said contract and has failed and refused to carry out said contract or any of its terms since that time.

"Plaintiff further alleges that said property on the 2nd day of March, 1924, was of the reasonable marketable value of Twenty-five Hundred Dollars ($2500.00) ; that this plaintiff bought said property from defendant for the purpose of reselling same at a profit, and on said date could have sold same for said sum of Twenty-five Hundred Dollars ($2500.00). Plaintiff further alleges the fact to be that defendant failed to convey said property to this plaintiff because of the increase in value of said property, and this plaintiff is informed and believes and so alleges the fact to be that said defendant transferred said property to other parties and thus put himself in a position where he cannot fulfill his contract with this plaintiff.

"WHEREFORE, all things considered, the plaintiff, O. K. Keys, prays judgment of this court against the defendant, D. H. Alexander, in the sum of Eight Hundred and Fifty Dollars ($850.00) with interest at the rate of eight

percent from the 2nd day of March, 1924; for the cost of this action, and for such other and further relief to which he may be entitled.''

The defendant filed two (2) pleas in the following language:

''This defendant says that he is not indebted to the plaintiff in the manner and form alleged in plaintiff's said declaration nor is this defendant indebted to plaintiff in any sum whatsoever.

### 2nd

''This defendant further pleading to plaintiff's declaration filed in said cause admits that this defendant executed the receipt, a copy of which is set out in plaintiff's said declaration, but denies that at this time this defendant signed said receipt that he was the legal owner of the lands described in said receipt; that this defendant denies that the plaintiff has paid to this defendant One Hundred Dollars toward the purchase price of the lands described in said declaration; that this defendant denies that he has refused to comply with the terms set forth in the receipt described in plaintiff's said declaration; that this defendant denies that he has conveyed the legal title to the lands described in plaintiff's said declaration to other parties and thus put himself in a position not to fulfill his contract with the plaintiff as alleged, but to the contrary this defendant avers and says that at the time this defendant executed the instrument described in plaintiff's said declaration that the plaintiff was informed and well knew that this defendant was not the owner of the legal title to the lands described in plaintiffs said declaration; that this defendant offered and agreed to transfer by deed to the plaintiff, all the right, title and interest held by this defendant in and to the lands described in plaintiff's said declaration, all of which the plaintiff did then and there

refuse to accept; that this defendant has since Second day of February, A. D. 1924, paid back to plaintiff the One Hundred Dollars received by this defendant from the plaintiff, same being the One Hundred Dollars evidenced by the receipt, a copy of which is set out in plaintiff's said declaration, nor has Defendant injured and damaged plaintiff in any sum whatsoever.

"WHEREFORE, the defendant prays judgment of the Court in his behalf and asks to be discharged."

Neither of the pleas is a good plea to the declaration, but it appears that trial was had on the declaration and such pleas so filed. The evidence shows that the contract was entered into between the parties and the sum of One Hundred Dollars ($100.00) was paid by the plaintiff to the defendant as part of the purchase price and that within the time prescribed in the contract the plaintiff tendered the defendant the balance of the purchase price and demanded a deed in accordance with the terms of the contract. The evidence shows that plaintiff had the opportunity to sell and could have sold the property had defendant conveyed title in accordance with his obligations at a profit of $750.00 but he was prevented from taking this profit on this trade by reason of the failure of the defendant to carry out his obligation. The defendant declined to carry out his obligation as shown by the record and gave as a reason of so doing that his wife refused to execute the deed and it appears that the court directed a verdict upon the theory that this was a good defense, at the close of the testimony on motion of the defendant.

The Court instructed the jury to return a verdict in favor of the defendant which was duly excepted to. Such verdict being returned and filed, judgment was entered thereon. From which judgment the case is before this Court on writ of error.

980

The verdict should have been in favor of the plaintiff. The law is well settled that in an action brought by the vendee against the vendor upon a valid contract for the sale of land when the vendor has breached such contract, the general rule as to the measure of damages is that the vendee is entitled to such purchase money as he paid together with interest and expenses of investigating title. This rule, however, does not apply where there is want of good faith in the vendor which may be shown by any acts inconsistent with the utmost good faith. In such cases, or in cases where the vendor had no title but acting on the supposition that he might acquire title, he is liable for the value of the land at the time of the breach with interest from that date.

Sanford vs. Cloud, 17 Fla. 533,

Hall & Pope vs. Northern and Southern, 55 Fla. 235, 46 So. 178,

Duval Investment Company vs. Stockton, 54 Fla. 296, 45 So. 497,

Freeman vs. Tucker, 79 Fla. 402, 84 So. 174.

The rule laid down in Southerland on Damages, Fourth Edition by Berryman, Volume 2, page 1988, Section 581, which is supported by a great number of authorities there cited we quote with approval as follows:

"If the person selling is in default—if he knew or should have known that he could not comply with his undertaking; if he, being an agent, contracted in his own name, depending on his principal to fulfill his contract merely because he had power to negotiate a sale; if he has only a contract of the owner to convey, or a bond for a deed; if his contract to sell requires the signature of his wife to bar an inchoate right of dower, or the consent of a third person to render his deed effectual; if he makes his contract without title in the ex-

> pectation of subsequently being able to acquire it
> and is unable to fulfill by reason of cause so known
> the want of concurrence of other persons; or if
> he has title and refused to convey, or disables him-
> self from doing so by conveyance to another per-
> son—in all such cases he is beyond the reach of the
> principle of Fureau v. Thornhill, 2 W. Black
> (Eng.) 1078, and is liable to full compensatory
> damages, including those for the loss of the bar-
> gain.''

This is the only just rule to be applied. If unscrupu-
lous individuals could with impunity make contracts to
sell and convey property, receive valuable consideration
for such contracts and then seeing that the vendee would
make a profit by reason of the advance in value of the
property contracted to be sold; could upon the mere state-
ment and flimsy excuse that the wife refused to execute
the deed of conveyance avoid all liability except the return
of the purchase price received with legal interest thereon;
much fraud would be constantly practiced.

When a man enters into a solemn contract in writing
whereby he binds himself to deliver good title to certain
property he is presumed to know whether or not he can
carry out that contract and the purchaser may assume to
rely upon the good faith of the contract.

The conduct of the defendant in error in this case does
not evidence good faith. The evidence shows that after
entering into a contract he decided that he had not made
a good trade and refused to carry out his contract and that
he gave as a reason for not carrying out his contract that
he found himself in a position where he could not deliver
a good title because his wife refused to join in the execution
of the deed of conveyance.

While this condition will prevent the enforcement of

982

specific performance as against the wife, it will not operate as a defense to an action brought against the husband upon the breach of contract.

The judgment is reversed and the cause remanded for further proceedings conformative with this opinion.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur;

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.