CHARLES LIBERIS, *Appellant,* vs. G. G. CARMERIS, *Appellee.*
146 So. 220.
Opinion filed December 5, 1932.
Petition for rehearing granted January 4, 1933.

*J. McHenry Jones* and *Philip D. Beall,* for Appellant;
*Wm. Fisher* and *Ernest E. Mason,* for Appellee.

MATHEWS, C.—On January 15th, 1929, complainant C. G. Cameris filed his bill of complaint in the Circuit Court of Escambia County, in Chancery, against the defendant Charles Liberis, seeking reformation of an executory contract for purchase and sale of land and recovery of damages for breach of the contract on the part of defendant.

The bill sets forth: the contract, an error made in the description of the land, the agreed price of $2,000.00;

that the purchaser, C. G. Cameris, has at all times been ready, able and willing to perform; demand made on the vendor to perform; failure of the vendor to comply with the contract, and enhanced value of the land at the time of breach.

Defendant answered, denying the bona fides of the complainant in seeking to have defendant comply with the contract. The answer averred that complainant had delayed the closing of the deal until August 12th, 1925, since which time defendant's wife has refused to sign or execute any deed or papers.

The contract was dated June 16th, 1925. It was not executed or acknowledged in any manner by the wife of the defendant. No special time was fixed in the contract for closing the sale. The contract provided the purchaser was to comply with the contract on his part, "upon delivery of deed with covenants of general warranty conveying marketable title, along with abstract of title." In the deeds in the chain of title from Perrenot to Halsberry and from Halsberry to Liberis, it was learned the lands were erroneously described as being in Township 2 North, instead of Township 2 South, and it was not until December, 1925, that correctional deeds were procured from Perrenot and Halsberry to Liberis. In the meantime, complainant had contracted for re-sale of the land at an advance in price.

Testimony was taken, and the court below upon final hearing found that defendant has breached the contract; that the value of the land at the time of breach was $6,000.00; that by reason of mutual mistake, the land was erroneously described in the contract; and entered a decree reforming the contract and giving judgment against the defendant in favor of the plaintiff, for the difference between the market value of the land at the time of the breach and the price fixed by the contract between com-

plainant and defendant, with interest. From this decree, defendant appeals.

The several questions presented in appellant's brief all relate to the quantuum of damages recoverable against the defendant. It is contended by appellant that there is no evidence of bad faith or fraud on his part and that the measure of damages were limited to the sum of $50.00 paid as part of the purchase price, with interest, and expense of investigating title.

"In an action brought by the vendee against the vendor upon a valid contract for the sale of land when the vendor has breached such contract, the general rule as to the measure of damages is that the vendee is entitled to such purchase money as he paid, together with interest and expense of investigating title. This rule, however, does not apply where there is want of good faith in the vendor, which may be shown by any acts inconsistent with the utmost good faith. In such cases, or in cases where the vendor had no title but acting on the supposition that he might acquire title, he is liable for the value of the bargain at the time of the breach with interest from that date."

Key vs. Alexander, 91 Fla. 975, 108 So. 883.

The conduct of the appellant does not evidence good faith. Before correctional deeds were obtained, he had written the complainant he considered the contract no longer effective and thereafter stated that his wife would not execute the deed.

In Key vs. Alexander, supra, it was said: "If unscrupulous individuals could with impunity make contracts to sell and convey property, receive valuable consideration for such contracts, and then, seeing that the vendee would make a profit by reason of the advance in value of the property contracted to be sold, could upon the mere statement and flimsy excuse that the wife refused to execute the deed of conveyance avoid all liability except the return

of the purchase price received with legal interest thereon, much fraud would be constantly practiced.''

Where a man enters into a solemn contract in writing whereby he binds himself to deliver good title to certain property, he is presumed to know whether or not he can carry out that contract, and the purchaser may assume to rely upon the good faith of the contract. Key. vs. Alexander, supra.

Next it is contended complainant should not be permitted to recover more than the difference between his purchase price and his re-sale price. Any such rule would be to lose sight of the fact that complainant may be held liable to his vendee for such damages as he may have sustained.

In Key vs. Alexander, supra, this court quoted with approval from Sutherland on Damages (4th Ed.) by Berryman, Vol. 2 page 1988, Sec. 581, as follows:

''If the person selling is in default, if he knew or should have known that he could not comply with his undertaking; if he, being an agent, contracted in his own name, depending on his principal to fulfill his contract merely because he had power to negotiate a sale; if he has only a contract of the owner to convey, or a bond for a deed; if his contract to sell requires the signature of his wife to bar an inchoate right of dower, or the consent of a third person to render his deed effectual; if he makes his contract without title in the expectation of subsequently being able to acquire it and is unable to fulfill by reason of cause so known the want of concurrence of other persons; or if he has title and refused to convey, or disables himself from doing so by conveyance to another person—in all such cases he is beyond the reach of the principle of Flureau v. Thornhill, 2 W. Black (Eng.) 1078, and is liable to full compensatory damages, including those for the loss of the bargain.''

No error has been made to appear, and the decree appealed from is affirmed.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929 (Extra Session), adopted by the court as its opinion, it is considered and decreed that the decree appealed from be, and the same is hereby affirmed.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL, BROWN, AND DAVIS, J.J., concur.

## ON REHEARING.

PER CURIAM.—A reconsideration of this case on rehearing has convinced the Court that our previous opinion and decision filed December 5, 1932, should be modified to accord with the true intent of the holding of this Court in Key v. Alexander, 91 Fla. 975, 108 Sou. Rep. 883. In that case it was decided that a person breaching a valid contract to convey land is liable for the value of the bargain at the time of the breach, with interest from that date, where the contract was entered into through a want of good faith on the part of the vendor, in his entering into an undertaking to deliver a title which he did not have, or which he refuses to deliver as agreed, on the pretext that his wife will not join in the agreed conveyance.

In this case the value of the bargain at the time of the breach, was the value placed upon it at the time when the vendee elected to sell his bargain to a subsequent purchaser of his own.

The value of the bargain to vendee Carmeris does not include possible damages which the vendee may himself be compelled to pay to this own vendee, by reason of the fact that he, while well knowing that he had not obtained title from Liberis, voluntarily incurred through entering into a contract of his own to convey that to which he himself had not obtained title. Especially is this true, where no such damages have been actually recovered against him.

Here Liberis contracted to sell certain land to Carmeris for $2,000.00. Carmeris contracted to re-sell the same land to another for $3,000.00. Neither had title to that which they contracted to sell. By his own act, Carmeris fixed the value of his bargain at what he would have realized as his profit, had Liberis gone ahead with the trade. Had Liberis performed Carmeris could have realized no greater price. Therefore Carmeris cannot be allowed to recover, in addition to the value of his bargain, the speculative amount of damages to which he may have laid himself liable to his own vendee, by entering into a contract to convey land which he well knew at the time had not been conveyed to him by Liberis as agreed.

Such possible liability of Carmeris for damages, if it exists, can legitimately constitute no part of the value of Carmeris' bargain as it was contemplated at the time the contract between Liberis and Carmeris was made. Nor can such element of damage be recovered indirectly, on the theory that the same now represents part of the value of the land at the time of the breach.

So far as Carmeris was concerned, the value of the land as to him was fixed by his own agreement to resell it for $3,000.00. Had he elected to hold it and not to sell it to another, his damages would have been determined by the value of the land he was entitled to get from Liberis at the time of Liberis' breach. This value might, or might not, have been $3,500.00; more or less, had the situation of the parties remained unchanged when the breach of Liberis occurred.

Our former opinion must therefore be modified to accord with the views here stated in this opinion on rehearing. By reason of this modification, the decree appealed from must be adjudged excessive in amount, notwithstanding the fact that it is otherwise proper and such as ought to have been entered on the record, for the reasons pointed out in our

former opinion, which opinion, as hereby modified, is adhered to on this rehearing.

The decree appealed from is reversed, with directions to enter a modified decree in accordance with this opinion on rehearing.

Reversed on rehearing, and remanded with directions to modify decree.

DAVIS, C.J. AND WHITFIELD, BROWN AND BUFORD, J.J., concur.