101 So.2d 33 (1958)
Meredyth Violet GASSNER, as Executrix of the Estate of R.W. Baughman, deceased, Appellant,
v.
Ida J. LOCKETT, Single, and Cameron L. Dowling, Appellees.
Supreme Court of Florida.
March 7, 1958.
Collins & Hallett, St. Petersburg, for appellant.
Ed W. Harris and William E. Allison, St. Petersburg, for appellees.
DREW, Justice.
R.W. Baughman, during his lifetime, agreed to convey certain property to Ida J. Lockett. Many months later he agreed to convey the same property to Cameron L. Dowling. The first agreement was not acknowledged and therefore not recorded, while the latter was acknowledged and recorded.
The litigation resulting from Ida Lockett's suit for specific performance brought against Baughman's estate after his death, in which Dowling was a party, resulted in a decree of the lower court directing Baughman's executrix to convey the land to Dowling and awarding a judgment of $1,800 to Ida Lockett as the current market value of the property in question. In its decree the court made the following finding: "Although from the testimony it does not show that R.W. Baughman committed an intentional fraud, it is the judgment of this court that the warranty deed to Ida J. Lockett should be cancelled and set aside, and that in lieu of the property described above, Ida J. Lockett should be paid the sum of eighteen hundred dollars ($1800.00) as the current market value of said lots."
We construe the finding of the learned circuit judge that R.B. Baughman did not commit an intentional fraud as synonymous with the holding that he had not been guilty of bad faith in the transaction, and we think this conclusion is clearly justified from the record in this case. The record shows that Baughman, old, senile and extremely forgetful, dealt extensively in tax deed lands and kept few if any accurate *34 records of his numerous transactions. The record wholly fails, in our judgment  and, obviously, in the judgment of the chancellor, to show any bad faith in the transactions. In view of this conclusion, it was erroneous to award as damages the current value of the property. Key v. Alexander, 91 Fla. 975, 108 So. 883, 885; Liberis v. Carmeris, 107 Fla. 352, 146 So. 220.
In the first cited case this Court said:
"The law is well settled that in an action brought by the vendee against the vendor upon a valid contract for the sale of land when the vendor has breached such contract, the general rule as to the measure of damages is that the vendee is entitled to such purchase money as he paid, together with interest and expenses of investigating title. This rule, however, does not apply where there is want of good faith in the vendor, which may be shown by any acts inconsistent with the utmost good faith. In such cases, or in cases where the vendor had no title but acting on the supposition that he might acquire title, he is liable for the value of the land at the time of the breach with interest from that date." (Emphasis supplied.)
In the foregoing case, this Court quoted extensively from Sutherland on Damages, 4th Edition by Berryman, reciting the circumstances under which it was proper to allow, in addition to compensatory damages, damages for the loss of the bargain.
The italicized language in Key v. Alexander, supra, while applicable to the facts in that case and proper there for the admeasurement of the allowable damages, is not necessarily applicable in all instances. The reason for the rule seems to be that where a vendor acts in good faith he should not be liable for more than the actual loss which might be suffered by the vendee. On the other hand, there is no reason why the vendor should be allowed to benefit from such mistake even though it was made in good faith. Every rule of logic and justice would seem to indicate that where a vendor is unable to perform a prior contract for the sale of lands because of a subsequent sale of the same land, he should be held, to the extent of any profit in the subsequent sale, to be a trustee for the prior vendee and accountable to such vendee for any profit.
The decree appealed from, insofar as it affects the transaction between the deceased Baughman and the original plaintiff Ida J. Lockett, is reversed with directions that a decree be entered in said cause in favor of the said Ida J. Lockett for the purchase money which she has paid, legal interest on each payment thereof from the time made to the date of payment to her, the expenses of investigating the title, and any profit which may have accrued to Baughman or his estate by virtue of the subsequent sale to Dowling.
Reversed and remanded.
TERRELL, C.J., and THOMAS, THORNAL and O'CONNELL, JJ., concur.