197 So.2d 30 (1967)
SOUTHERN REALTY AND UTILITIES CORP., a Delaware Corporation Authorized to Do Business in Florida, Appellant,
v.
Charles GETTLEMAN, Appellee.
No. 66-505.
District Court of Appeal of Florida. Third District.
March 21, 1967.
Rehearing Denied April 10, 1967.
*31 Fuller & Feingold, Miami Beach, for appellant.
Silverstein & Silverstein, Miami Beach, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
BARKDULL, Judge.
This is an appeal by the defendant in the trial court from an adverse final judgment following a jury verdict. The record reveals that the appellee purchased three parcels of land from the appellant. Included in the deed from the grantor was the following provision:
* * * * * *
"The property hereby conveyed is subject to an existing first mortgage * * *. It is hereby expressly understood and agreed that it is the obligation of the grantor, SOUTHERN REALTY AND UTILITIES CORP. to keep the said mortgage in good standing and to make the payments thereon."
* * * * * *
Subsequent to the appellee taking possession, the grantor defaulted in the payments on the note secured by the underlying mortgage, and a foreclosure decree was entered on June 4, 1964 divesting the appellee of any further interest in the land. The instant action was commenced to recover damages sustained by the appellee due to the breach of the obligation on the part of the grantor to keep the note and mortgage in good standing. A summary judgment as to liability was granted for the appellee, and the issue was submitted to the jury in the form of a special verdict to determine the market value of the property on the date of the foreclosure. The jury returned a verdict within the range of the evidence presented by the experts as to the value of the property. A final judgment was rendered in accordance therewith upon stipulation of the parties, deducting from the amount awarded by the jury the amount due from the appellee to the appellant on a purchase money mortgage. On this appeal, the appellant urges the trial court committed error in the giving of a jury instruction as to the legal definition of "market value"; failure to permit the tax assessor's testimony as to the assessed value; submitting the cause to the jury upon the proposition that the true measure of damages was the "loss of the bargain" to the grantee, rather than a return to him of his "out of pocket loss".
We find no error in any of the contentions made by the appellant, and affirm. The charge on market value was as follows:
* * * * * *
"You have heard this term `fair market value' discussed, and I charge you, gentlemen, that fair market value is the amount of money which a purchaser willing, but not obligated to buy the property, would pay to an owner willing, but not obliged to sell it, taking into consideration all the uses to which the property is adapted and might in reason be applied."
* * * * * *
*32 This charge adequately states the applicable law in this State. See: Casey v. Florida Power Corporation, Fla.App. 1963, 157 So.2d 168; Staninger v. Jacksonville Expressway Authority, Fla.App. 1966, 182 So.2d 483.
As a general proposition, tax assessors are not permitted to testify to the assessed value of property. See: Bankers Trust Co. v. International Trust Co., 108 Colo. 15, 113 P.2d 656; Scott v. O'Neil's Adm'r., 23 Ky. 331, 62 S.W. 1042; 18 Am.Jur., Eminent Domain, § 350; 20 Am.Jur., Evidence, § 385; 39 A.L.R.2d 214, and cases cited therein. Although Florida has not specifically ruled on this question, it is obvious that such testimony would have been erroneous prior to McNayr v. State, Fla. 1964, 166 So.2d 142. At this time, we are not prepared to hold that assessments on real estate in this State should be accepted as evidence of market value or that just value, as contained in Section 1, Article IX, Florida Constitution, F.S.A., is synonymous with market value. There was no objection to the submission of the special verdict and, therefore, the appellant is not in a position to urge this point. See: Loving County v. Higginbotham, Ct.Civ.App., Tex. 1938, 115 S.W.2d 1110; Johnson v. Sipe, 263 Wis. 191, 56 N.W.2d 852; Briggs Transfer Co. v. Farmers Mut. Auto. Ins. Co., 265 Wis. 369, 61 N.W.2d 305; Szymon v. Johnson, 269 Wis. 153, 69 N.W.2d 232, 70 N.W.2d 5; 2 Fla.Jur., Appeals, § 66.
The breach by the grantor in the instant case was not one that went to seisin, title, quiet enjoyment, right to convey, and warranty, which are the normal covenants of title. The law cited by the appellant appears to be correct, that upon the breach of one of these covenants without a showing of fraud the grantee would only be entitled to his out of pocket loss. See: Key v. Alexander, 91 Fla. 975, 108 So. 883; Liberis v. Carmeris, 107 Fla. 352, 146 So. 220; Gassner v. Lockett, Fla. 1958, 101 So.2d 33; Resnick v. Goldman, Fla.App. 1961, 133 So.2d 770; 33 Fla.Jur., Vendor and Purchaser, § 173. However, the breach in the instant case was a breach of a continuing obligation. The grantor induced the grantee to enter into the transaction upon the express promise that he would maintain the payments on the note secured by the underlying mortgage as a part of the original consideration. Admittedly, it breached this agreement which was essential to the entire transaction, and it appears that the trial judge was eminently correct in holding the defaulting grantor for the "loss of the bargain" as the measure of damages sustained by the innocent grantee.
Therefore, for the reasons above stated, the final judgment here under review is hereby affirmed.
Affirmed.