289 So.2d 756 (1974)
Robert J. HANNA, Appellant,
v.
AMERICAN INTERNATIONAL LAND CORPORATION, a Florida Corporation, Appellee.
No. 72-501.
District Court of Appeal of Florida, Second District.
January 16, 1974.
Rehearing Denied March 7, 1974.
Ronald S. Guralnick, Guralnick & Gellman, Miami, for appellant.
Leo Greenfield, North Miami, for appellee.
McNULTY, Judge.
This action started out primarily as a suit for specific performance but was finally determined on the pleaded alternative prayer for money damages.
It appears that appellant Hanna was a resident of Omaha, Nebraska, in 1959 when he succumbed to the advertised sales pitch of appellee's predecessor, Bay Land and Title Company, which at that time was the developer of San Carlos Park Subdivision in Lee County, Florida. He entered into a land sales contract with Bay Land to purchase two specified "WATERFRONT LOTS" in San Carlos Park and fully performed on his part by payment of the total purchase price via some 95 monthly installments. No deed was thereafter forthcoming from the vendor however. Instead, in 1967 appellee American International Land Corporation, which had succeeded to Bay Land and Title Company in 1964, offered to exchange two other lots for the above paid-for lots. Hanna refused and demanded a deed. Again no deed was forthcoming, which may well be explained by the fact, as a subsequent investigation by Hanna revealed, that appellee had begun construction of a golf course in San Carlos Park of which Hanna's two lots now form an integral part.
Hanna promptly filed this suit in 1969. Specific performance was subsequently abandoned as noted and the suit proceeded in contract for money damages. But most importantly to the issues now before us, the complaint also sought punitive damages for fraudulent and willful conversion of Hanna's two lots.
In February, 1970, the trial judge granted judgment on the pleadings as to liability and ordered that the case proceed to trial on damages only with no specific mention of the punitive damages claim. Thereafter, however, by order of June 5, 1970, the trial judge limited damages to compensatory damages "... the measure of said damages being governed by the principles *757 set forth in the case of Key v. Alexander (Fla. 1926), [91 Fla. 975] 108 So. 883, ..." and thus, in effect, struck the prayer for punitive damages. The court said, in quoting Key, supra:
"... `The law is well settled that in an action brought by the vendee against the vendor upon a valid contract for the sale of land when the vendor had breached such contract, the general rule as to the measure of damages is that the vendee is entitled to such purchase money as he paid, together with interest and expenses of investigating title. This rule, however, does not apply where there is want of good faith in the vendor, which may be shown by any acts inconsistent with the utmost good faith. In such cases, or in cases where the vendor had no title but acting on the supposition that he might acquire title, he is liable for the value of the land at the time of the breach with interest from that date.'"
This June 5, 1970 order was reaffirmed by express reference in a subsequent order entered April 28, 1971, and again trial was ordered on compensatory damages only.
We interpose to say here that Hanna took two abortive appeals from this April 28, 1971 order. We dismissed the first, an interlocutory appeal, because it was a non-appealable interlocutory order under Rule 4.2, F.A.R., 32 F.S.A. We dismissed the second appeal, erroneously designated as a final appeal, as being premature; but this latter dismissal was expressly without prejudice to raising the same points in a timely appeal from any final judgment which may thereafter be entered.
Subsequently, on May 19, 1972, the trial judge approved a stipulation for the entry of a judgment for agreed upon compensatory damages and on the same day entered final judgment therefor. The approved stipulation also expressly provided that:
"... [T]he entry of this Judgment is solely for damages arising out of Plaintiff's claim for breach of contract, without prejudice to the Plaintiff's right to appeal from the entry of the Order of June 5, 1970, and the Order of April 28, 1971, excluding the claim for punitive damages based on the Plaintiff's additional allegations for fraud and deceit."
The instant appeal was timely filed within thirty days from the rendition of that May 19, 1972 final judgment. But apparently in view of the language of the aforesaid stipulation it was erroneously designated in the notice of appeal filed herein that the appeal was being taken from the order of April 28, 1971 which, it will be recalled, expressly affirmed the June 5, 1970 order striking the claim for punitive damages. Appellee moved to dismiss for untimeliness. We denied the motion for the reason that erroneous designations in a notice of appeal do not void such notice if it is obvious what order, judgment or decree is being appealed and none of the parties is misled or injured by the misdesignation.[1] Clearly, here, it is patent from the posture of the case and from the court approved stipulation of the parties that appellant is really appealing from the final judgment of May 19, 1972, although he seeks to go behind such judgment to attack certain interlocutory orders entered prior thereto which he claims render the judgment reversible. This, of course, he has an absolute right to do. Indeed, with regard to non-appealable interlocutory orders, as here, he has no other choice. Moreover, appellee has surely not been misled or prejudiced, nor can it be heard to say otherwise, in the light of its stipulation.
*758 In view of the foregoing, therefore, we now have properly before us the main question herein; viz., whether appellant Hanna has stated a cause of action for punitive damages. As pointed out, the trial judge, citing Key v. Alexander, supra, limited damages herein to compensatory damages only (which were ultimately stipulated to as aforementioned). But the Key case was not concerned with punitive damages as we are here. That case merely held that a vendee in a land sales contract may recover the full value of the land in the event of a bad faith breach on the part of the vendor rather than out-of-pocket expenses, plus interest, ordinarily allowed in these cases. The trial judge here apparently felt that Hanna pleaded no more than a bad faith breach on the part of appellee. We think he is wrong.
First of all, it surely can't be said that Key, supra, is authority for the proposition that punitive damages can never be recovered in any case wherein a vendee is suing for breach of a land sales contract. Furthermore, that case did not equate mere lack of good faith on the part of the vendor with a malicious or tortious breach of the contract, which is really what we have here. This aspect of things was considered in Griffith v. Shamrock Village,[2] however, wherein our Supreme Court said:
"The general rule is that punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant. But where the acts constituting a breach of contract also amount to a cause of action in tort there may be a recovery of exemplary damages upon proper allegations and proof. In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort."
We think the rationale of Griffith controls here. Notwithstanding that that case was concerned with a contract other than a land sales contract, we see no difference in principle. Not only did the complaint herein allege bad faith breach of the contract, as we've said, but it further alleged an intentional, willful and irrevocable conversion of the property after full equitable title had vested in complainant. If true, this would constitute an independent tort in our view within the contemplation of Griffith, supra; and punitive damages will lie therefor.
Accordingly, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
MANN, C.J., and BOARDMAN, J., concur.
NOTES
[1] See State ex rel. Poe v. Allen (Fla. 1967), 196 So.2d 745, and Greyhound Corporation v. Carswell (Fla. 1966), 181 So.2d 638. See also Rule 3.2(c), F.A.R., the pertinent portion of which reads as follows:

"Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies." (Italics supplied.)
[2] (Fla. 1957), 94 So.2d 854.