321 So.2d 612 (1975)
Howard P. HORTON, Owner of H & H Construction Co., an Unincorporated Company, Appellant,
v.
Thomas M. O'ROURKE, Sr., et Ux., et al., Appellees.
Nos. 74-1267  74-1270.
District Court of Appeal of Florida, Second District.
November 7, 1975.
Patrick J. Murphy of Crabtree, Butler, Syprett & Meshad, Sarasota, for appellant.
Frank Clark, III, Titusville, for appellees.
*613 McNULTY, Chief Judge.
Appellant Howard P. Horton, individually and as owner of H & H Construction Company, appeals from a final judgment awarding compensatory damages for breach of four land sale contracts due to an unmarketable title. We reverse.
The operative facts are simply stated. Between March 3, 1972 and May 3, 1972, the four appellee families executed written contracts with H & H Construction Company to purchase homes being constructed on land owned by appellee Overlord Investments, Inc. Upon completion of the homes in the summer of 1972, the families took possession without closing, under rental agreements ranging from $90 to $135 per month. Closing was conditioned upon clearance of all outstanding title defects.
Upon taking possession, the purchasers-lessees received a notice of the existence of a Federal Tax Lien encumbering the property in excess of $94,000. After receiving several assurances that the lien would soon be removed, they made improvements and continued the rental agreement for 22 months. But on March 15, 1974, appellant notified the purchasers in writing that clearance of the defect was impossible. Appellant offered either to return the earnest money deposits or enter into new rental agreements at a higher rate.
Thereafter, on April 15, 1974, appellee Overlord Investments, Inc., record title holder of the land, brought suit to oust each purchaser. After answering, the purchasers-appellees filed individual suits for specific performance against both Overlord Investments and appellant, alleging a principal-agent relationship, which resulted in this appeal.
Following a non-jury trial on the four consolidated cases, a final judgment was rendered denying specific performance, exonerating Overlord from any obligation to purchasers-appellees and awarding the purchasers pecuniary damages against appellant. In arriving at the amount of such damages, the court applied the standard measure of contract damages whereby a purchaser ordinarily receives the benefit of his bargain, measured by the court in this case by the difference between the value of the land when it should have been conveyed less the contract price as yet unpaid.
In the one meritorious point on appeal, appellant contends that application of this standard measure of damages giving purchasers in a land sale contract the benefit of their bargain is error in the absence of a showing of bad faith. We agree.
In Florida[1] and many other jurisdictions[2], the courts follow the English rule announced in Flureau v. Thornhill[3] whereby in the absence of bad faith the damages recoverable for breach by the vendor of an executory contract to convey title to real estate are the purchase money paid by the purchaser together with interest and expenses of investigating title. Lest there be unjust enrichment, under the facts in this case, we would add to that here the cost of improvements made by purchasers in contemplation of the conveyance, with the express or implied approval of the vendor, which inure to the benefit of the vendor.
Appellees' reliance on A.J. Richey Corp. v. Garvey[4] as authority to the contrary is misplaced in that, in that case, *614 there was clearly a lack of good faith. Here, there is no suggestion of bad faith on appellant's part. Indeed, the record reveals that he dealt above board, made every effort and went to considerable expense to clear the title defect and to consummate ultimately the contract to convey. In sum, there is not a scintilla of evidence to establish bad faith even if it were alleged or otherwise put in issue; the undisputed evidence is to the contrary.
Accordingly, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] See Gassner v. Lockett (Fla. 1958), 101 So.2d 33; Liberis v. Carmeris (1933), 107 Fla. 352, 146 So. 220; Key v. Alexander (1926), 91 Fla. 975, 108 So. 883; Southern Realty and Utilities Corp. v. Gettleman (Fla.App.3d, 1967), 197 So.2d 30; Resnick v. Goldman (Fla.App.3d, 1961), 133 So.2d 770; 33 Fla. Jur. Vendor and Purchaser § 173 (1960).
[2] 77 Am.Jur.2d Vendor and Purchaser § 522 (1975); 5 A. Corbin Contracts § 1097 (1964).
[3] 2 W.Bl. 1078 (1776).
[4] (1938), 132 Fla. 602, 182 So. 216.