PER CURIAM.
The Cricket Club, Inc., defendant in the trial court, appeals a final judgment for appellee which was entered following a jury trial in an action for breach of contract. Appellee/purchaser had brought the action based on the allegation that the Cricket Club, Inc. had wrongfully terminated the contract for purchase of one of its apartment units. The contract had been entered into in March of 1973 and was terminated by appellant without explanation in July of 1975.
At jury trial in 1977 appellee’s duly qualified real estate expert testified as to the then-current 1977 fair market value, the 1975 and 1977 asking prices for similar units, and the general rate of appreciation of similar units at The Cricket Club from 1973 to 1977.
The crux of appellant’s argument is that there was no substantial competent evidence to support the jury award in that the evidence as to market value at a time long subsequent to the breach and the evidence as to rate of appreciation from 1973 to 1977 gave rise to an improper measure of damages. Appellant asserts that there had to have been clear evidence of fair market value at the time of the breach of contract in 1975 to justify the award of damages by the jury.
After careful examination of the record and the relevant law, we affirm the trial court. The record contains competent evidence of expert testimony, which was essentially uncontroverted by the appellant, with regard to the value of the land at the time of the breach and upon which the jury had based its verdict; the verdict was the apparent result of the jury’s attempt to find the difference in respective values in consideration of the contract price plus an annual increase in value per year for the years intervening between the contract date and the breach by appellant.
Under the facts of the case sub judice, the jury properly approximated a measure of the value of the apartment unit at the time of the breach upon a reasonable basis of computation, and we find no reason to disturb the judgment of the trial court. See holding in Edelstein v. Medow, 211 So.2d 223 (Fla.3d DCA 1968).
Appellant raises other points dealing with the requirements of a finding of “bad faith” by the jury in order for it to have made an award for appellee. Appellant points out that the trial judge did not define the term “bad faith”; however, the record reveals that this was not necessary for the jury had sufficient evidence to believe that appellant refused to grant the appellee the courtesy of a response, written or oral, after appellant had unilaterally terminated the purchase contract two years and four months after it had been given the deposit monies and appellee had fully complied with all terms and promises of the contract for purchase. See the principles enunciated in Key v. Alexander, at 885:[1]
“If the person selling is in default, — if he knew or should have known that he could not comply with his undertaking: . or if he has title and refused to convey, or disables himself from doing so by conveyance to another person — in all such cases he is beyond the reach of the principles of Flureau v. Thornhill, 2 W. Black (Eng.) 1078, and is liable to full compensatory damages, including those for the loss of the bargain.”
The judgment appealed is affirmed.

. 91 Fla. 975, 108 So. 883 (1926).