BERANEK, Judge.
This plaintiffs’ appeal arises out of a suit for breach of a contract for the purchase and sale of real estate. The trial court concluded that the defendant/seller had breached a binding contract but declined to assess damages for the benefit or loss of the bargain to the purchasers. The trial court found the defendant’s breach was not in bad faith and for that stated reason denied the requested damages sought by plaintiffs/appellants. We find error and reverse.
Plaintiffs/appellants contracted with the defendant corporation for the purchase of property. Deposits were made in the form of checks and the closing was to take place at a future date after certain development on the area was completed. While awaiting the closing, plaintiffs continued to check with the seller about progress on the project and the seller’s representative assured the purchasers that the development was progressing and that he would contact them when ready to close.
There was a conflict in the evidence on whether the parties agreed to rescind the contract prior to closing. Defendant’s representative testified that when the purchasers were contacted, they said they lacked cash, were unable to close, and asked that the property be sold to someone else. The property was thus offered and sold to other purchasers. The plaintiffs denied this and said they were ready to close and that they had so advised the defendant.
The trial court found a binding contract existed and that the defendant seller had breached this contract. The plaintiffs’ proof showed that prior to the anticipated closing date, the defendant sold the parcels to a third party. There was also evidence that the property went up in value and had a higher market value than the original contract price. Both parties agreed that Key v. Alexander, 91 Fla. 975, 108 So. 883 (1926) governed the assessment of damages. The trial court found that the defendant breached the contract but concluded the breach was not in bad faith. Judgment was entered in favor of the plaintiffs but the court refused to assess damages based *62 upon the loss of the bargain. We conclude this was error. If there was a binding contract which was breached by the defendant by the sale of the property to a third party prior to the closing with plaintiffs, then this conduct should have supported an award of damages under Key v. Alexander, supra, which quoted from Sutherland on Damages (4th Ed.) as follows:
“If the person selling is in default, — if he knew or should have known that he could not comply with his undertaking ... or if he has title and refused to convey, or disables himself from doing so by conveyance to another person — in all such cases he is beyond the reach of the principle of Flureau v. Thornhill, 2 W. Black (Eng.) 1078, and is liable to full compensatory damages, including those for the loss of the bargain.”
108 So. at 885.
There were only two versions of the evidence. Plaintiffs contended they were ready, willing and able to close. Defendant’s version was that plaintiffs stated a desire to rescind the agreement and to release the property for sale to another. If defendant’s version was accepted, there was simply no breach of contract. Instead the court found a breach but declined to assess damages. Under the rather clear but diametrically opposed factual versions of the parties, we conclude that the judgment is basically inconsistent. The finding of a breach under these facts is at odds with a finding of good faith and a failure to assess damages. We conclude that the matter should be retried on all issues as to both liability and damages and remand for that purpose.
REMANDED FOR NEW TRIAL.
LETTS, C. J., and DOWNEY, J., concur.