454 So.2d 614 (1984)
Peter WOLOFSKY, Appellant,
v.
Harold BEHRMAN and Elaine Behrman, Appellees.
No. 83-2092.
District Court of Appeal of Florida, Fourth District.
July 5, 1984.
Rehearing Denied September 13, 1984.
Allan M. Rubin, Hollywood, for appellant.
Jeffrey Michael Cohen of Fromberg, Fromberg, Gross, Cohen, Shore & Berke, P.A., Coral Gables, for appellees.
DOWNEY, Judge.
In a suit for breach of a contract to sell a condominium apartment, the trial court awarded appellant-purchaser as damages only a return of the purchaser's deposit money plus interest. Contending that he was entitled to damages for loss of his bargain, the purchaser has perfected this appeal.
In developing a condominium complex, appellant, Wolofsky, sold one of the apartments *615 to appellees, Harold and Elaine Behrman. The Behrmans intended to move into the apartment when they were successful in selling their single family residence. When the residence did not sell the Behrmans decided to sell the condominium instead. After some futile efforts to sell the apartment, Behrman accepted Wolofsky's offer to buy it for $73,000 and a memorandum contract was signed. Although Wolofsky was not interested in the furnishings therein, his sales agent agreed to try to sell them for the Behrmans for $4,000. Behrman delivered the keys to the apartment to the agent, who was able to obtain an offer of only $3,000, which Behrman refused. A few weeks before the closing was due, Behrman visited the apartment and found evidence that someone had been staying there without his permission. The electricity was on; he found a T.V. and radio, bedclothes on the bed, food in the kitchen, and a few clothes in a closet. Behrman testified he was very upset; he was outraged; he felt violated. As a consequence, he advised Wolofsky that there could be no further relationship between them and he returned the deposit and refused to close. Apparently, Wolofsky had obtained a purchaser for the apartment for $100,000 and the sales agent had allowed that purchaser to stay briefly in the apartment.
Wolofsky sued the Behrmans for specific performance and damages. The former claim was abandoned and the case went to trial on the claim for damages and Behrmans' counterclaim for trespass. The final judgment states that the Behrmans admit they breached the contract and admit they are liable therefor. However, they denied they acted in bad faith. The trial court accepted Behrmans' contention and found no showing of bad faith.
Before discussing the applicable legal principles, we think it advisable to point out that a) the Behrmans never lived in this apartment, nor did they ever intend to after contracting with Wolofsky, b) while Wolofsky did not have permission to allow anyone to occupy the apartment, the contract between the parties was silent as to possession, c) Wolofsky offered to compensate the Behrmans for the use of the apartment, d) under the doctrine of equitable conversion the equitable title was in Wolofsky and any loss or destruction to the property would fall upon him, and e) the closing was only a few weeks away.
There are numerous Florida cases involving the measure of damages for breach of a contract to sell realty. Florida has long since aligned itself with the English rule announced in Flureau v. Thornhill, 2 W.Bl. 1078, 96 Eng.Rep. 635, to the effect that, except where a vendor has acted in bad faith, his liability for breach of a land sale contract is limited to the amount of the deposit paid by the purchaser, with interest and reimbursement for expenses in investigating title to the property. However, absent good faith, he is liable for full compensatory damages, including the loss of his bargain, which is the difference between the value of the property and the contract price.
In Key v. Alexander, 91 Fla. 975, 108 So. 883 (1926), the Supreme Court of Florida quoted from Sutherland on Damages as follows:
"If the person selling is in default,  if he knew or should have known that he could not comply with his undertaking; if he, being an agent, contracted in his own name, depending on his principal to fulfill his contract merely because he had power to negotiate a sale; if he has only a contract of the owner to convey, or a bond for a deed; if his contract to sell requires the signature of his wife to bar an inchoate right of dower, or the consent of a third person to render his deed effectual; if he makes his contract without title in the expectation of subsequently being able to acquire it and is unable to fulfill by reason of cause so known the want of concurrence of other persons; or if he has title and refused to convey, or disables himself from doing so by conveyance to another person  in all such cases he is beyond the reach of the principle of Flureau v. Thornhill, 2 *616 W. Black (Eng.) 1078, and is liable to full compensatory damages including those for the loss of the bargain."
108 So. at 885 (emphasis added).
In analyzing the good faith-bad faith dichotomy, which pertains to this rule, Professor McCormick suggests that the present refinements of the rule seem to lean heavily on the requirement that the vendor must "do his best" by reasonable efforts or expenditures to complete the conveyance. McCormick on Damages, § 179, p. 189.
The Behrmans had legal title to the property in question but refused to convey. Thus it is clear to us that the Behrmans did not "do their best" to complete the conveyance. While they may be justified in not acceding to someone's living in the apartment until closing, that is an inadequate reason for refusing to close. The trial court was correct in finding that refusing to close for the reason given constituted a breach of the contract; he erred in finding that it did not demonstrate a failure to exercise the good faith required to preclude full compensatory damages. The inability of a vendor to close for reasons beyond his control, as in Bosso v. Neuner, 426 So.2d 1209 (Fla. 4th DCA 1983), Vogel v. Vandiver, 373 So.2d 366 (Fla. 2d DCA 1979), and Horton v. O'Rourke, 321 So.2d 612 (Fla.2d DCA 1975), does not necessarily mean the vendee should recover the loss of his bargain. In each of the cited cases the vendor wanted to close but was precluded by factors beyond his control. Here, there were no factors beyond the Behrmans' control except their excessive pique over the unauthorized brief use of their apartment without their consent. Thus, they not only did not do their best, they did nothing to effectuate the completion of the contract. This constitutes lack of good faith. Thus, under the applicable rules, they were liable for full compensatory damages.
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED, with directions.
HURLEY and WALDEN, JJ., concur.