914 So.2d 995 (2005)
Gary S. GROVER, Appellant,
v.
JACKSONVILLE GOLFAIR, INC., and Melton Harrell, individually, Appellees, and
Gary S. Grover and Michkeldel, Inc., Appellants,
v.
Jacksonville Airport, Inc., and Melton Harrell, individually, Appellees.
Nos. 1D03-0895, 1D03-5239.
District Court of Appeal of Florida, First District.
October 17, 2005.
Rehearing Denied November 28, 2005.
*996 James A. Bledsoe, Jr. and Tracey Leigh Henderson of Bledsoe, Jacobson, Schmidt & Wright; and Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for Appellants.
Don H. Lester of Lester & Mitchell, P.A., Jacksonville, for Appellees.
PER CURIAM.
This is a consolidated appeal of two amended final judgments entered following a bench trial in related lawsuits involving two written option agreements to purchase two motels in Jacksonville, Florida. Appellants, Gary S. Grover and Michkeldel, Inc., argue that the trial court erred in finding that appellees, Jacksonville Golfair, Inc., Jacksonville Airport, Inc. and Melton Harrell, validly exercised the purchase options; in determining that appellees possessed enforceable contracts to purchase the motel properties; in finding that the appellants breached their obligations under the options by refusing to close the transactions; and in awarding benefit of the bargain damages and prejudgment interest to appellees. Although the material facts are in dispute, we find that competent substantial evidence supports the factual findings of the trial court. The contracts at issue contained all of the essential terms for the purchase of the two motels which included, among other things, with respect to each property, identification of the property to be purchased, purchase price, financing by a purchase money wrap-around mortgage, and allocation of closing costs. See Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp., 302 So.2d 404, 408-09 (Fla.1974); compare Irby v. Mem'l Healthcare Group, Inc., 901 So.2d 305 (Fla. 1st DCA 2005)(holding that employment letter lacked essential terms and did not constitute an enforceable employment contract). Further, appellees established that there was "substantial performance of [the] conditions precedent" relating to each option agreement, Racing Properties, L.P. v. Baldwin, 885 So.2d 881, 883 (Fla. 3d DCA 2004), and that the appellants' actions constituted such a lack of good faith to support the award of benefit of the bargain damages in both actions. Wolofsky v. Behrman, 454 So.2d 614, 616 (Fla. 4th DCA 1984)(in determining whether a vendor acted in bad faith, the inquiry is whether his actions constituted a lack of good faith); Port Largo Club, Inc. v. Warren, 476 So.2d 1330, 1334 (Fla. 3d DCA *997 1985)(holding that 24-hour delay in closing on time-share condominiums was not adequate reason for vendor's refusal to close and court assumed lack of good faith where time-share units had substantially increased in value since time of initial contract). Finally, Florida courts have long recognized that interest on benefit of the bargain damages runs from the date of breach. See Key v. Alexander, 91 Fla. 975, 108 So. 883, 885 (1926); accord Liberis v. Carmeris, 107 Fla. 352, 146 So. 220 (1933). Accordingly, we affirm all issues raised on appeal.
DAVIS and VAN NORTWICK, JJ., concur and THOMAS, J., concurs with written opinion.
THOMAS, J., concurring.
I concur in the majority opinion, but write to express my view that Appellees' failure to meet applicable laws or regulations in the extensive repairs of Appellants' property violated the terms of the option contracts. I vote to affirm based on the doctrine of inequitable forfeiture. See Rader v. Prather, 100 Fla. 591, 130 So. 15, 16 (1930) ("[F]orfeiture clauses are not favored in either law or equity[.]"); Murphy v. Fortune, 857 So.2d 370, 371 (Fla. 1st DCA 2003) ("Forfeitures are not favored in law or equity, thus forfeiture statutes are strictly construed."). Equity disfavors forfeitures, especially where a lessee or buyer has made substantial improvements. Horatio Enterprises, Inc. v. Rabin, 614 So.2d 555 (Fla. 3d DCA 1993) (refusing to enforce a forfeiture where the tenant invested significant sums in building, maintaining, and renovating property, which rendered "minor violations" of the sublease insufficient to void a long-term lease). As noted by Appellees, in equity, courts will act to prevent a windfall to a lessor where the lessor has not been damaged.
The trial court properly adjusted Appellees' award to compensate Appellants for losses caused by Appellees' improper renovations. Appellees invested more than $1 million in repairs and renovations, in substantial compliance with their contractual obligation to expend approximately half that amount. The trial court found that 3% of the repairs on one property were improperly performed in violation of applicable laws or regulations. The trial court fashioned a remedy which reimbursed Appellants for losses caused by these defective repairs.
Appellees' violation of its repair and renovation obligation presents a much closer question in the case where 14.5% of Appellees' work was deemed a violation of applicable laws and therefore a violation of the option terms. However, I cannot conclude that avoiding forfeiture here results in "violence to the contract of the parties." Rader, 130 So. at 17. The opposite conclusion would inequitably benefit Appellants, who did not timely notify Appellees of any concern regarding the repairs. Neither did Appellants demand compliance with these contractual provisions before the parties' purchase negotiations collapsed.
Before that collapse, Appellees substantially complied with their obligations under the agreements. The doctrine of inequitable forfeiture, and the competent, substantial evidence supporting the factual findings of the trial court in favor of Appellees, preclude me from substituting my judgment for that of the trial court. See Fowler v. Resash Corp., 469 So.2d 153 (Fla. 3d DCA), rev. denied, 479 So.2d 117 (Fla. 1985). I concur in this court's opinion affirming the judgment on all issues.