219 So.2d 465 (1969)
ASSOCIATED HEAVY EQUIPMENT SCHOOLS, INC., a Florida Corporation, Appellant,
v.
Joseph F. MASIELLO, Appellee.
No. 68-117.
District Court of Appeal of Florida. Third District.
February 18, 1969.
Rehearing Denied March 19, 1969.
*466 Eugene P. Spellman, Miami, for appellant.
Quinton, Leib, Parks & Aurell, Miami, for appellee.
Before PEARSON, BARKDULL and HENDRY, JJ.
The appellant was the defendant below and appeals from a jury verdict which awarded the plaintiff $1,000.00 as compensatory damages, and $5,000.00 as punitive damages. At issue is whether punitive damages may be awarded in a suit which was based on two counts, to-wit: breach of contract, and fraud in the inducement to enter the contract.
The defendant operates a professional school which purports to teach the trade of heavy machinery operation to its students. The plaintiff entered into a contract for such a course of instruction in 1964. His decision to enroll was based on an advertisement of the appellant's, and additionally, conversation with the appellant's agent. The contract in question sets forth the obligations of the parties, and also contains four pages of advertising including captioned photos of men operating various pieces of heavy machinery. Moreover, the contract also outlines the purview of the training course, which includes a home-correspondence section followed by an 80-hour "resident training" period of instruction.[1]
The plaintiff executed the contract form and began his home-correspondence course in 1965; by February, 1967, he had completed that section of the course and had paid his tuition in full. He then traveled to Homestead, Florida, to conclude his *467 course of study with the "resident training" portion that the appellant offered. Appellee discovered numerous conditions (which we need not detail here) that he felt constituted a breach of the appellant's promises to have workable equipment on hand, and to provide adequate and competent instruction.
Suit was filed in November, 1967, and the amended complaint set forth its allegations in two counts. Count I stated a cause of action sounding in contract for breach of the duty to perform certain obligations. Count II stated a cause of action sounding in tort, and alleges as follows:
"Plaintiff alleges that the defendant, through national advertising, direct communication and the contract provided him intentionally misrepresented the material facts set forth therein, and did so with intent to induce plaintiff to enroll in a school which was in fact a fraudulent scheme known and conceived by the defendant. Plaintiff relied upon the representations and inducements intentionally made by the defendant, to his detriment and expense."
Jury trial was had, and each side presented testimony and evidence. A hearing was held on the jury instructions, and the record shows that no party objected to any of the instructions selected by the court. After deliberation, the jury returned its verdict, which was set forth on a printed form supplied by the court. It read simply, "We, the jury, find for the Plaintiff, Joseph F. Masiello and assess compensatory damages in the sum of $1,000.00, and for the Plaintiff, Joseph F. Masiello and assess punitive damages in the sum of $5,000.00. So say we all."
It is well settled that punitive damages cannot be assessed for the breach of contract as alleged in Count I. However, appellant now contends that fatal error was committed because punitive damages are not recoverable for the count alleging fraud in the inducement either. This contention is not well taken. Although there has been a scarcity of Florida decisions ruling on this aspect in the area of damages, we find both logic and authority to dismiss appellant's contention in Griffith v. Shamrock Village, Inc., Fla. 1957, 94 So.2d 854.
"The general rule is that punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant. But where the acts constituting a breach of contract also amount to a cause of action in tort there may be a recovery of exemplary damages upon proper allegations and proof. In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort." Id. at 858.
In order to completely avail himself of the above rule, the appellee must also have demonstrated the attendant intentional wrong called for in the Griffith case. To do so, it is necessary to allege some general facts and circumstances constituting fraud, malice, gross negligence or oppression. Moore v. Southern Bell Tel. & Tel. Company, Fla.App. 1965, 176 So.2d 558. The record shows that this requirement was fully met. However, the ultimate decision as to whether the acts complained of as fraudulent inducement to enter the contract were intentional, rested with the jury. Moreover, the instructions to the jury clearly delineated the two counts of the plaintiff's cause of action and the requisite elements of proof for each. They further apprised the jury that any award of punitive damages was to be predicated only upon the count charging fraud. Thus, as the verdict is reflected by the record, we cannot disturb the jury's finding of the intentional nature of the tort, nor their application of the law to the facts.
All that remains to be examined is whether the amount of punitive damages was so excessive as to shock the judicial *468 conscience. When properly instructed the jury is vested with reasonable discretion as to the amount of punitive damages. Dr. P. Phillips & Sons, Inc. v. Kilgore, 152 Fla. 578, 12 So.2d 465; Griffith v. Shamrock Village, supra; Scalise v. National Utility Service, 120 F.2d 938 (5th Cir.1941). Such discretion does not appear to have been abused in this case.
Therefore, the judgment is affirmed.
NOTES
[1] "* * *

"RESIDENT TRAINING
"To be eligible for the 80 hours (two weeks) of resident instruction, you must have completed all the home study lessons satisfactorily within two years and paid the tuition in full. You will then be entitled to take your resident training at one of our Resident Training Sites. This two weeks of training covers actual operational practices and procedures. Application for resident instruction must be made within three years from date of contract.
"It is recommended that you take this resident training program to get practical experience in operating equipment. If you are already an experienced operator, you may wish to omit this part of the training. Although tuition for resident training is included in the original costs, there is no refund, if you elect not to attend. The student pays his own costs for lodging and living expenses and also all transportation costs.
"THE RESIDENT TRAINING PROGRAM
"Your training will include operations of Heavy Equipment Machines used in construction and road building  It will be carried out under the guidance and supervision of competent, experienced operators and technicians with years of practical use of the equipment and training personnel.
"* * *."