323 So.2d 567 (1975)
AMERICAN INTERNATIONAL LAND CORPORATION, a Florida Corporation, Petitioner,
v.
Robert J. HANNA, Respondent.
No. 45246.
Supreme Court of Florida.
October 15, 1975.
Rehearing Denied January 16, 1976.
*568 Howard W. Mazloff, of Weithorn & Mazloff, Coral Gables, for petitioner.
Ronald S. Guralnick, of Guralnick & Gellman, Miami, for respondent.
ENGLAND, Justice.
This cause is before us on a petition for writ of certiorari to review a decision of the Second District Court of Appeal reported at 289 So.2d 756. Jurisdiction for our review is established by the direct conflict between the district court's decision and Associated Heavy Equip. Schools, Inc. v. Masiello, 219 So.2d 465 (3rd Dist.Ct. App.Fla. 1969).[1] We have concluded that the rule of law articulated in Masiello is correct, and that the district court's decision is in error.
The factual and procedural background of this case is set forth in the opinion below. The sole issue for our review is whether punitive damages can be recovered for a breach of contract or for the conversion of real property. The facts alleged by Hanna to support such a recovery begin after Hanna had paid in full for two lots under an installment land sales contract with petitioner's predecessor (for convenience, "petitioner"). At that time Hanna was entitled to a deed by the terms of his *569 contract. Instead of providing a deed, petitioner offered to exchange Hanna's lots for two others owned by petitioner in the same land subdivision. At the time of the offer Hanna was neither advised nor aware that petitioner had begun the construction of a golf course on his lots. Nonetheless, Hanna refused the exchange offer and demanded a deed to the original lots. When petitioner continued in its refusal to issue Hanna a deed, Hanna discovered the motive for petitioner's exchange offer. Hanna then filed suit seeking specific performance and, if not granted, both compensatory and punitive damages.
During the course of the trial court action, Hanna abandoned his demand for specific performance and agreed to accept monetary relief. The trial court subsequently entered an order limiting recovery to compensatory damages. On appeal of that decision the district court disagreed and reversed, holding that Hanna's complaint not only asserted a bad faith breach of contract but also the independent tort of intentional, willful conversion of the property.[2] Based on the asserted bad faith breach of contract, the district court held that punitive damages would not be foreclosed where the complaint alleges an intentional conversion of property. We disagree.
Both parties agree that real property cannot be the subject of conversion,[3] but Hanna asks that we disregard the district court's language and look to its conclusion that punitive damages are recoverable. Neither approach warrants affirmance, however. Petitioner may have done something on or to Hanna's real property, but the land was not in fact or in law "converted" because it was still available to Hanna through an action for specific performance. Hanna indicated a desire to pursue that remedy when he brought suit on that basis, but he subsequently abandoned that cause of action and agreed to accept compensatory damages for contract breach. His election foreclosed the "penalty" to petitioner of having to convey Hanna's land with petitioner's golf course on it.
Treating the district court's finding of "conversion" as an assertion that the tort of fraud and deceit is spelled out in the complaint, we still find no basis for recovery either in law[4] or in fact. The general rule is that a breach of contract cannot be converted into a tort merely by allegations of malice.[5] Nothing in the facts of this case suggests a reason to depart from that rule.
In an action for fraud and deceit plaintiff must allege (1) that defendant made a representation on which plaintiff was meant to act, (2) that the representation was false and defendant knew that fact, and (3) that plaintiff relied on the representation to his injury.[6] All three elements must appear with reasonable certainty *570 in plaintiff's complaint.[7] The only specific acts of deceit which Hanna attributes to respondent are the construction of a golf course on his lots and the offer to exchange those lots for two others. The former was not an affirmative, false representation to Hanna although it affected his property without his knowledge.[8] The latter was not a false representation and, because it was never accepted, obviously was not relied upon to Hanna's detriment.[9] Thus, although Hanna's contract was perhaps flagrantly breached, the legal elements of tortious fraud and deceit are wholly absent from his complaint.
Accordingly, the decision of the district court is reversed, the trial court's order rejecting a recovery of punitive damages is reinstated, and Hanna's claim for punitive damages is dismissed.[10]
BOYD, OVERTON and SUNDBERG, JJ., concur.
ADKINS, C.J., dissents with an opinion, with which CHAPPELL, Circuit Judge, concurs.
ADKINS, Chief Justice (dissenting):
I would discharge the writ of certiorari for lack of conflict necessary to invoke this Court's jurisdiction and let stand the decision of the District Court reversing the trial court and allowing the jury to consider punitive damages.
The majority finds conflict with Associated Heavy Equipment Schools, Inc. v. Masiello, 219 So.2d 465 (Fla.App. 1969). There the District Court held that punitive damages cannot be assessed for simple breach of contract, and with that principle of law I cannot quarrel. Nor can I disagree with the majority that real property cannot be the subject of conversion. But citing this Court's opinion in Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957), the District Court in Masiello said:
"The general rule is that punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant. But where the acts constituting a breach of contract also amount to a cause of action in tort there may be a recovery of exemplary damages upon proper allegations and proof. In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort." 219 So.2d at 467.
Based upon that statement of law and the facts appearing in the opinion of the District Court and the opinion of the majority sub judice, I find no conflict or error with the decision of the District Court.
As stated by the District Court herein, the only question for our determination, simply stated, is whether respondent Hanna stated a cause of action in his complaint sufficient to support recovery of punitive damages. But the majority, in its eagerness *571 to deny Hanna the opportunity to submit his claim for punitive damages to the jury, found that although his contract was perhaps flagrantly breached, Hanna failed to allege in his complaint the elements of tortious fraud and deceit, and hence failed to allege an independent tort for which punitive damages might lie. Reference to the offending complaint, however, shows Hanna alleged inter alia:
"5. That, in fact, Defendant [petitioner] has wilfully, maliciously, deceitfully, and fraudulently converted Plaintiff's [respondent] land and is presently building a golf course on the same land which it had sold to Plaintiff in 1959, without having ever informed Plaintiff of this intention.
......
"7. That despite Plaintiff's refusal, Defendant did thereafter deceitfully, wilfully, maliciously, and fraudulently convert Plaintiff's land without his consent.
"8. That this deceit and fraud is again evidenced by the fact that Defendant wilfully, maliciously and fraudulently misrepresented to Plaintiff that he was purchasing `waterfront' lots when in truth they were not."
It appears to me from the foregoing that these allegations, which must be taken as true for the purpose of a motion for judgment on the pleadings, satisfy the requirements for pleading an independent tort, if not by constructing a golf course on Hanna's property without his knowledge or consent and refusing to deliver the deed thereto, then most certainly by misrepresenting that Hanna's property consisted of waterfront lots which, in fact, they were not.
For the reasons stated I must respectfully dissent.
CHAPPELL, Circuit Judge, concurs.
NOTES
[1] Fla. Const. art. V, § 3(b)(3).
[2] Hanna v. American Int'l Land Corp., 289 So.2d 756, 758 (2d Dist.Ct.App.Fla. 1974).
[3] Quitman Naval Stores Co. v. Conway, 63 Fla. 253, 58 So. 840 (1912); 7 Fla.Jur. Conversion § 4 (1956).
[4] There is no dispute that such a tort and recovery are available under the proper sets of facts and allegations. Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957).
[5] Days v. Fla. East Coast Ry., 165 So.2d 434 (3d Dist.Ct.App.Fla. 1964). Even a tort action will not support punitive damages where the assertions of willfulness and malice are not supported by specific allegations regarding the malicious conduct. Anderson v. Burwell Motors Co., 73 So.2d 822 (Fla. 1954); General Finance Corp. v. Sexton, 155 So.2d 159 (1st Dist.Ct.App.Fla. 1963).
[6] Mizell v. Upchurch, 46 Fla. 443, 35 So. 9 (1903).
[7] Fla.R.Civ.P. 1.120(b); Nantell v. Lim-Wick Constr. Co., 228 So.2d 634 (4th Dist.Ct.App. Fla. 1970).
[8] As stated, the remedy for that misconduct would have been specific performance, where Hanna would obtain his land with petitioner's improvements.
[9] Although respondent's letter offering the exchange did not state the real motive for the proposal  to permit or continue the construction of a golf course on Hanna's lots  "the general rule is that punitive damages are not recoverable for breach of contract, irrespective of the motive of the defendant." Griffith v. Shamrock Village, 94 So.2d 854, 858 (Fla. 1957).
[10] We approve and reiterate the rule enunciated in Associated Heavy Equipment Schools v. Masiello, supra, and in Griffith v. Shamrock Village, Inc., supra, to the effect that punitive damages are not recoverable for breach of contract.