428 So.2d 222 (1982)
Sally LEWIS et al., Petitioners,
v.
Barnett GUTHARTZ, Respondent.
No. 61824.
Supreme Court of Florida.
December 22, 1982.
Rehearing Denied April 12, 1983.
Joseph P. Klock, Jr. and Gary T. Stiphany of Steel, Hector & Davis, Miami, and Paul J. Levine of Morgan, Lewis & Bockius, Miami, for petitioners.
Marion E. Sibley of Sibley, Giblin, Levenson & Glaser, Miami Beach, and Joe N. Unger of the Law Offices of Joe N. Unger, Miami, for respondent.
EHRLICH, Justice.
This cause is before the Court on a question certified by the Third District Court of Appeal to be of great public importance. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
Lewis et al. (Tenants) are 132 tenants in Guthartz' (Landlord) Bay Terrace Apartments on Miami Beach. That building was constructed with the aid of a Federal Housing Authority "elderly housing" mortgage and insured under the National Housing Act. The Act forbids rental charges in excess of an FHA-approved rent schedule. As part of the mortgage, an FHA Regulatory Agreement was recorded. Under this agreement, monthly rental rates were fixed by the FHA and security deposits limited to one month's rent.
The Tenants sued, claiming inter alia, that the Landlord charged excessive rents and security deposits. They sought restitution, injunctive relief, and attorneys' fees. They also sought punitive damages based upon: illegal rent increases; illegal retention *223 of excess security deposits; commingling of security deposits with the Landlord's own funds; intimidation and harassment of the Tenants; continual disobedience of federal regulations; repeated violations of court orders; and submissions of false statements to the FHA, which resulted in a criminal conviction in federal court for knowingly making a false statement to a federal agency.
At a non-jury trial in September 1978, the Tenants prevailed. The trial judge awarded $105,828.12 actual damages to the Tenants. Also finding that the Landlord had a net worth of $9,000,000, and that he was guilty of "flagrant, wilful and intentional misconduct," the trial court awarded the Tenants $1,000,000 in punitive damages both to punish the Landlord and "to serve as an example and warning to others." The trial court also awarded attorneys' fees of $200,800. Finally, the court awarded the Special Master's fee of $17,000.
The Landlord appealed only the Special Master's fee, the punitive damage award, and the attorneys' fees. The district court affirmed in part and reversed in part. Guthartz v. Lewis, 408 So.2d 600 (Fla. 3d DCA 1981). The court affirmed the Special Master's fee and that issue was not appealed to this Court. The district court reversed the punitive damages award and the attorneys' fees, and certified the following question:
WHERE THE DEFENDANT FLAGRANTLY, UNJUSTIFIABLY, AND OPPRESSIVELY BREACHES A CONTRACT, AND ATTEMPTS TO CONCEAL THE BREACH BY THE CRIMINAL ACT OF MAKING FALSE STATEMENTS TO THE GOVERNMENT, MUST THE PLAINTIFFS PLEAD AND PROVE THAT THE DEFENDANT COMMITTED AN INDEPENDENT TORT AGAINST THEM IN ORDER TO RECOVER PUNITIVE DAMAGES?
We answer the certified question "yes" and approve the decision of the district court.
It is now a well-settled rule in Florida that punitive damages are not recoverable in a breach of contract action, absent an accompanying independent tort. As we stated in the seminal case of Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957),
The general rule is that punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant. But where the acts constituting a breach of contract also amount to a cause of action in tort there may be a recovery of exemplary damages upon proper allegations and proof.
94 So.2d at 858. See also Grossman Holdings, Ltd. v. Hourihan, 414 So.2d 1037 (Fla. 1982); Nicholas v. Miami Burglar Alarm Co., 339 So.2d 175 (Fla. 1976); American International Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975); Masciarelli v. Maco Supply Corp., 224 So.2d 329 (Fla. 1969); Saltmarsh v. Detroit Automobile Inter-Insurance Exchange, 344 So.2d 862 (Fla. 3d DCA 1977); Country Club of Miami Corp. v. McDaniel, 310 So.2d 436 (Fla. 3d DCA 1975); Associated Heavy Equipment Schools, Inc. v. Masiello, 219 So.2d 465 (Fla. 3d DCA 1969). We reaffirm the rule and its underlying policy: an unwillingness to introduce uncertainty and confusion into business transactions as well as the feeling that compensatory damages as substituted performance are an adequate remedy for an aggrieved party to a breached contract. See Simpson, Punitive Damages for Breach of Contract, 20 Ohio St.L.J. 284 (1959).
Tenants argue that should this Court decide to continue the Griffith rule, we should nonetheless reinstate the trial court's award of punitive damages because they had in fact alleged and proved an independent tort.[1] This is not accurate. The Tenants failed to allege an independent tort in their pleadings and the district court's conclusion *224 that "the tenants failed to allege or prove a tort committed by Guthartz which was distinguishable from or independent of his breach of contract," 408 So.2d at 602, is competently supported by the record. The fact that the trial court found that the Landlord acted intentionally, willfully, and outrageously as to the breach of contract does not by itself create a tort where a tort otherwise does not exist.
Concerning the award of attorneys' fees, we hold that they are not recoverable by statute. The trial court found that the Tenants were eligible for attorneys' fees under sections 83.48[2] and 83.49(3)(c),[3] Florida Statutes (1977). The district court correctly held these two sections inapplicable. Section 83.48 requires the litigation to be "with respect to the rental agreement." In the instant case, the Tenants' action was not bottomed on the rental agreement but rather the FHA regulatory agreement. The latter was one of the documents attached to the complaints and sued upon; it was upon the latter that the trial court imposed liability on the Landlord. No liability was urged or claimed or adjudicated against the Landlord predicated upon any obligation, covenant or promise under the rental agreements. The gravamen of the Tenants' claim was embedded solely in terms of the regulatory agreement. Section 83.48 is applicable only where a landlord under a rental agreement is entitled by its terms to recover attorneys' fees from a tenant. A corresponding right is granted to the tenant if the tenant prevails. In the present case, since the basis of the action is the regulatory agreement and not a rental agreement, the Tenants are afforded no rights under this statute.
Similarly, section 83.49(3)(c) is likewise not applicable because a right to a security deposit was not adjudicated. That section applies to suits instituted for the recovery of security deposits in which both the landlord and tenant claim entitlement thereto. As seen by putting section 83.49(3)(c) within the context of preceding sections 83.49(3)(a)[4] and (3)(b),[5] the issue that the statute addresses is the issue of a tenant's right to the return of his security deposit upon vacating the premises. In contrast, the issue in the instant litigation concerned whether or not a security deposit equal to two month's rent could be required under FHA regulations. Section 83.49(3)(c), therefore, provides no basis for an award of attorneys' fees.
*225 In sum, we answer the certified question "yes" and hold that the pleading and proving of an independent tort are required in a breach of contract action in order for punitive damages to be recovered. We thus approve the decision of the district court below.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.
NOTES
[1] Tenants in their brief alleged fraud and deceit and a violation of Restatement (Second) of Torts § 536 (1977) as their independent torts. At oral argument, Tenants conceded the absence of fraud and deceit and instead relied upon Restatement § 536 as well as the "torts" of "violation of a federal statute" and "restitution."
[2] 83.48 Attorney's fees.  If a rental agreement contains a provision allowing attorney's fees to the landlord when he is required to take any action to enforce the rental agreement, the court may also allow reasonable attorney's fees to the tenant when he prevails in any action by or against him with respect to the rental agreement.
[3] 83.49 Deposit money or advance rent; duty of landlord and tenant. ... (3)(c) If either party institutes an action in a court of competent jurisdiction to adjudicate his right to the security deposit, the prevailing party is entitled to receive his court costs plus a reasonable fee for his attorney. The court shall advance the cause on the calendar.
[4] (3)(a) Upon the vacating of the premises for termination of the lease, the landlord shall have 15 days to return said security deposit together with interest or in which to give the tenant written notice by certified mail to the tenant's last known mailing address of his intention to impose a claim thereon. The notice shall contain a statement in substantially the following form:

This is a notice of my intention to impose a claim for damages in the amount of ____ upon your security deposit. It is sent to you as required by s. 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to (landlord's address).
If the landlord fails to give the required notice within the 15-day period, he forfeits his right to impose a claim upon the security deposit.
[5] (b) Unless the tenant objects to the imposition of the landlord's claim or the amount thereof within 15 days after receipt of the landlord's notice of intention to impose a claim, the landlord may then deduct the amount of his claim and shall remit the balance of the deposit to the tenant within 30 days after the date of the notice of intention to impose a claim for damages.