**In re Anthony E. CIMAGLIA, Wanda Cimaglia, Debtors.**

**Bankruptcy No. 84–00809–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

April 12, 1985.

Leslie Gern Cloyd, Johnson & Bakst, P.A., West Palm Beach, Fla., for Trustee.

Douglass E. Wéndel, Palm Beach, Fla., Trustee.

John A. Watson, Watson & Clark, Clearwater, Fla., for claimants Cohade.

Jay J. Reynolds, Boca Raton, Fla., for debtors.

# 10

## ORDER ON CLAIM NO. 11 (COHADE)

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee's objection (C.P. No. 45a) to Claim No. 11 (Cohade) in the amount of $900 plus interest and attorneys' fees was heard on April 2.

The grounds for the objection are that: (1) this is a claim for a security deposit which is not entitled to priority, and (2) the claim for interest and attorneys' fees should be stricken.

■ The claimants were tenants of the debtor/husband. Claimants rely on *Fla. Stat.* § 83.49(3)(a) which states:

"Upon the vacating of the premises for termination of the lease, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or in which to give the tenant written notice by certified mail to the tenant's last known mailing address of his intention to impose a claim on the deposit and the reason for imposing the claim."

No basis for a right to immediate payment or priority has been presented. Claimants have offered no evidence that a trust was created in favor of the claimants by the placing of their security deposit in a separate non-interest-bearing account or that the landlord posted a security bond on behalf of the tenants.

■ The priority for consumer deposits under 11 U.S.C. § 507(a)(6) [formerly § 507(a)(5)], is not applicable here. The priority granted under § 507(a)(6) is to protect consumers who leave a deposit or lay merchandise away, and who do not receive the merchandise from the retailer who files a bankruptcy petition. H.R.Rep. No. 595, 95th Cong., 1st Sess. 188 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; *Collier on Bankruptcy* ¶ 507.04[5] (15th ed. 1984).

It is alleged that the landlord/debtor failed to pay the claimants in accordance with the Florida Statute. This failure is the basis upon which claimants assert their claim against the bankruptcy estate. However, there is no provision under the State statute or the Bankruptcy Code which supports claimants' assertion that their claim should be paid immediately from the bankruptcy estate or be granted priority status. Accordingly, Claim No. 11 is stricken as a priority claim.

The statute provides for recovery of interest under certain circumstances, but claimants have presented no evidence to support their claim for interest.

■ Claimants assert a right to receive reasonable attorneys' fees. They rely on *Fla.Stat.* § 83.49(3)(c), which provides that:

"If either party institutes an action in a court of competent jurisdiction to adjudicate his right to the security deposit, the prevailing party is entitled to receive his court costs plus a reasonable fee for his attorney."

That section applies to suits instituted for the recovery of security deposits in which both the landlord and tenant claim entitlement. *Lewis v. Guthartz*, 428 So.2d 222, 224 (Fla.1982). In this proceeding, the bankruptcy trustee's objection to the claim for priority and interest and attorneys' fees prompted the claimants to appear through counsel to support their claim. Litigation of these issues does not provide a basis for an award of attorneys' fees.

Accordingly, the claim for interest and attorneys' fees is stricken. Claim No. 11 is allowed in the amount of $900 as a general, unsecured claim.