PER CURIAM.
This is an appeal from a final judgment imposing liability on a sublessor and a lessor for damages suffered by a sublessee. In the late 1950’s, defendant, Publix Super Markets, Inc. (Publix), constructed the Southdale Shopping Center and leased the area which is the focus of this lawsuit to the W.T. Grant Company. In 1960, Publix assigned all of its interests in the shopping *852 center to its wholly owned subsidiary, Madeira Shopping Center, Inc. (Madeira), and Madeira assumed all of Publix’s obligations under its overlease. At the same time, Madeira contracted with Publix to manage the shopping center and perform all of Madeira’s duties to its tenants. The W.T. Grant Company assigned all of its interest in the leased space to defendant Jewelcor in 1973. Jewelcor assigned its interest to plaintiff, Southern Ornamentals, Inc., in 1981.
The plaintiff sued the defendants for failure to comply with and perform under the terms of the sublease and overlease. Specifically, Southern Ornamentals alleged building code violations, a faulty air-conditioning system, and roof leaks, all of which caused the plaintiff to suffer damages in the form of lost profits, damaged goods, air-conditioning replacement and repair, and rent abatement. Southern Ornamen-tals also sought punitive damages for gross negligence under the leases. The trial court issued a twenty-three-page final judgment making extensive findings of fact and commenting frequently on the demean- or and credibility of the witnesses. The trial court also made various conclusions of law in awarding damages to Southern Or-namentals on sixteen different items. Because the defendants are appealing virtually the entire award, we will limit our discussion to those areas which mandate reversal or further proceedings.
With the exception of punitive damages, we affirm all of the awards made to Southern Ornamentals. The trial court found that Jewelcor was guilty of gross negligence under the sublease and fraud and assessed it $210,000 for punitive damages. We reverse on the authority of Lewis v. Guthartz, 428 So.2d 222 (Fla.1982). That case involved a landlord-tenant dispute where the trial court found that the landlord engaged in flagrant, willful, and intentional misconduct and awarded the tenants punitive damages of $1,000,000. The supreme court held that “the fact that the trial court found that the landlord acted intentionally, willfully, and outrageously as to the breach of conduct does not by itself create a tort where a tort otherwise does not exist.” Id. at 224. Here, Southern Ornamentals alleged and the trial court found gross negligence under the sublease. Since this negligence is inherent in the breach of contract action, it is not an independent tort as required under Lewis. Although Southern Ornamentals argues that the trial court found Jewelcor’s activities to be fraudulent, thus providing an independent tort, we hold otherwise. Fraud must be alleged with specificity, see Florida Rule of Civil Procedure 1.120(b), and a review of the pleadings reveals that Southern Ornamentals never alleged fraud. The pretrial stipulation did not mention fraud as one of the issues to be tried and, indeed, it was not litigated. Having failed the Lewis test, the award of punitive damages is reversed.
The trial court determined that Madeira was liable for certain damages because of its negligence under the overlease. It found Publix liable for the same damages because it determined that Publix and Madeira operated as alter egos. In order to establish an alter ego theory or to pierce the corporate veil, there must í»e a showing of improper conduct or fraud. Gross v. Cohen, 80 So.2d 360 (Fla.1955), Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984). The record here is devoid of any evidence of improper conduct on the part of Publix or Madeira, and we reverse the trial court’s finding. We hold that any damage awards against Publix and Madeira are the sole responsibility of Madeira.
With respect to attorney’s fees, Southern Ornamentals and Jewelcor agree that Jewelcor is only liable for $3,000 in fees, and therefore, we hold that the trial court erred in retaining jurisdiction in this matter. Madeira is liable for attorney’s fees under the indemnity clause of the overlease. See Insurance Company of North America v. King, 340 So.2d 1175 (Fla. 4th DCA 1976). However, there is an exception to the general rule that an indem-nitee is entitled to recover reasonable attorney’s fees and that is that attorney’s fees *853 in establishing the right to indemnification are not allowable. American and Foreign Insurance Company v. Avis Rent-a-Car, Inc., 401 So.2d 855 (Fla. 1st DCA 1981). The trial court should be cognizant of this distinction when it awards attorney’s fees at a subsequent hearing.
All parties agree that the trial court computed prejudgment interest erroneously in a number of instances. The legal rate of interest in section 687.01, Florida Statutes, was changed from six to twelve per cent on June 30, 1982. The higher rate is only applicable after the effective date of the rate change. Kelly v. W & S Service Centers, Inc., 451 So.2d 1044 (Fla. 1st DCA 1984). On all awards dated prior to July 1, 1982, prejudgment interest must be computed at six per cent. We remand to the trial court for a recomputation of prejudgment interest on these awards.
Finally, we address the issues of indemnification and contribution which are the subject matter of the cross appeal. Jewelcor filed a cross-claim for indemnification under the overlease which the trial, court properly denied. A review of the indemnification clause in the overlease reveals that Madeira was liable to the tenant for loss, damage, or injury to the store and the tenant’s merchandise, fixtures, and other property caused by Madeira’s failure to comply with the overlease. Here, the trial court determined that Jewelcor’s liabilities were the result, either solely, or in part, of its own wrongful acts. One seeking indemnity must be without fault. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Miami Elevator Company v. La Concha Motor Inn, 462 So.2d 511 (Fla. 3d DCA 1985). Since both parties were found to be at fault, indemnification is precluded. Jewelcor also filed a cross-claim against Publix and Madeira for contribution which the trial court denied having determined that Jewelcor intentionally, willfully, and knowingly causéd or contributed to Southern Ornamental’s injuries and damages. The trial court then went on to hold that Publix and Madeira had a right of contribution against Jewelcor since the parties were jointly and severally liable in tort for the same injuries to the same property. This ruling is inconsistent with the trial court’s finding that Publix and Madeira consciously and knowingly for three years ignored expert advice to replace the roof, thereby resulting in damage to Southern Ornamentals. If Jewelcor is barred from contribution from Publix and Madeira under section 768.31(c), Florida Statutes (1985), then Publix and Madeira are similarly barred. However, based on our ruling on the alter ego issue, Jewelcor’s cross-claim is against Madeira only. The trial court must decide whether Madeira itself was merely negligent and thus entitled to contribution or whether Madeira’s actions were intentional, thus barring it from contribution. We note that Publix and Madeira did not respond in their briefs to Jewelcor’s cross appeal, which may be viewed as a concession on the issue. Nevertheless, we remand the matter to the trial court for a determination of the parties’ right to contribution.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
HERSEY, C.J., LETTS and GUNTHER, JJ., concur.