529 So.2d 358 (1988)
Cecil S. HARRELL, Appellant,
v.
ACCURATE ORTHOTICS & PROSTHETICS, INC., a Florida Corporation, d/b/a PAR-MED, and Jules Bauer, Appellees.
No. 88-32.
District Court of Appeal of Florida, Second District.
August 10, 1988.
*359 William W. Shields, III and Aileen S. Davis of Lawson, McWhirter, Grandoff & Reeves, P.A., Tampa, for appellant.
No brief filed on behalf of appellee Accurate Orthotics & Prosthetics, Inc.
David R. McCallister and Kirk E. Whalen of Langford, Mooney & McDuffee, P.A., Tampa, for appellee Jules Bauer.
CAMPBELL, Chief Judge.
Appellant, Cecil S. Harrell, appeals the final order dismissing, with prejudice, his complaint against appellee, Jules Bauer.
Appellant, landlord/lessor, sought to pierce the corporate shield of Accurate Orthotics & Prosthetics, Inc. (Accurate), the tenant/lessee, and hold appellee Bauer liable for Accurate's alleged breach of the lease. The trial judge dismissed appellant's complaint against Bauer on the sole basis that appellant failed to "allege that the corporate defendant, ACCURATE ORTHOTICS & PROSTHETICS, INC., doing business as PAR-MED, was formed for the purpose of committing a fraud." The trial judge offered to dismiss the complaint without prejudice to allow appellant to replead to cure what the trial judge perceived as the deficiency in appellant's complaint. Appellant argued to the trial judge that to state a cause of action for piercing a corporate shield a plaintiff must only allege that the corporation was used or maintained (rather than formed) for fraudulent or misleading purposes. Appellant, therefore, declined to replead because he could not allege as the trial judge required.
There is no question that the order of dismissal is based on an incorrect perception of the applicable law by the trial judge.
The issue here was specifically ruled upon in Futch v. Head, 511 So.2d 314 (Fla. 1st DCA 1987). The court there ruled as follows:
We find Futch's argument too restrictive because it intimates that "piercing" questions are determined solely through a consideration of the events surrounding formation of the corporation. However, the Florida Supreme Court has recognized that the corporate veil may be pierced upon a showing of improper conduct or that the corporation was "formed or used for some illegal, fraudulent or unjust purposes... ." Dania Jai-Alai, Inc. v. Sykes, 450 So.2d 1114, 1121 (Fla. 1984) (emphasis added) (quoting Robert's Fish Farm v. Spencer, 153 So.2d 718 (Fla. 1963)).
Id. at 322. We approve of that holding in Futch.
Appellee Bauer in this appeal argues that even though the trial judge may have applied the wrong standard, the error is harmless. Appellee's argument that the error is harmless is based on his allegations that appellant's complaint lacks the specificity of facts to support an allegation of misuse of the corporate status for fraudulent or misleading purposes. While appellant's complaint may well contain that deficiency, it was not that deficiency upon which the trial judge based his dismissal. Accordingly, the dismissal with prejudice must be reversed and remanded with instructions to allow appellant an opportunity to replead according to the correct and applicable principles of law.
Reversed and remanded for treatment consistent with this opinion.
SCHEB and LEHAN, JJ., concur.