DOWNEY, Judge.
Publix Super Markets, Inc. (Publix) and Madeira Shopping Center, Inc. (Madeira) appeal from a final judgment entered August 5, 1987, and Jewelcor Jewelers and Distributors, Inc. (Jewelcor) have filed a cross appeal therefrom.
The judgment in question was entered in a suit brought by Southern Ornamentals, Inc. (Southern) against Publix, Madeira and Jewelcor. The complaint alleged that Pub-lix owned a shopping center in the late 1950’s and entered into a lease referred to herein as the overlease agreement with its wholly-owned subsidiary, Madeira, in 1960, whereby Publix agreed to assign all its interest in the shopping center to Madeira. The store area at issue in the lawsuit was originally leased by Publix to W.T. Grant Company. In 1973, Jewelcor obtained an assignment of W.T. Grant Company’s interest in the leased space. Jewelcor subsequently entered into a sublease with Southern in 1981 whereby Jewelcor agreed to assign its interest in the leased space to Southern. Southern sued the defendants below under the overlease and sublease agreements for breach of contract by failing to maintain the leased area. Southern claimed that it suffered damages from a faulty roof in the form of lost profits, damaged goods, and various replacement and repair costs. In addition, Southern alleged the defendants were guilty of gross negligence for which they should respond in punitive damages.
After a trial on the merits in 1984, the trial court entered an extensive final judgment in which it awarded the plaintiff, Southern, substantial compensatory damages against Publix and Madeira and Jew-elcor, jointly and severally, as well as $210,-000 in punitive damages against Jewelcor. In making said awards the trial court found that Publix and Madeira consciously and knowingly ignored their own expert’s advice about the need to perform repairs on the subject premises and were found to be directly responsible for the damages suffered by Southern. The trial court also found that Jewelcor intentionally, willfully and knowingly caused or contributed to the damages suffered by Southern and that Jewelcor was jointly and severally liable with Madeira and Publix for Southern’s losses.
The trial court further held that Jewel-cor’s intentional acts constituted a tort. Therefore, the court ruled that the Uniform Contribution Among Tortfeasors Act, section 768.31(2)(c), Florida Statutes (1985), barred Jewelcor from obtaining contribution against Publix and Madeira under its cross-claim. However, the trial court went on to rule that Publix and Madeira were entitled to obtain contribution against Jew-elcor.
On appeal from that judgment, this court in Jewelcor Jewelers & Distributors, Inc. v. Southern Ornamentals, Inc., 499 So.2d 850 (Fla. 4th DCA 1986) affirmed all of the monetary awards contained in the judgment with the exception of the interest calculations, which all agreed were erroneous, and the award of punitive damages against Jewelcor. However, the court found that Jewelcor’s negligence was inherent in the breach of contract action and did not constitute an independent tort as required in Lewis v. Guthartz, 428 So.2d 222 (Fla.1982) to support a punitive damages award. Furthermore, this court held that the record did not support a claim of *1302 fraud and the award of punitive damages was error.
The district court further held that the judgment was inconsistent in that it held Jewelcor was barred from obtaining contribution from Publix and Madeira under section 768.31(2)(c), because their intentional conduct constituted a tort, whereas it determined Publix and Madeira were entitled to contribution against Jewelcor although it had found them also guilty of consciously and knowingly causing injury to the plaintiff by the breach of their contracts. The district court concluded that on the record presented if Jewelcor was barred under said statute Publix and Madeira were similarly barred.
Upon remand and further consideration of the matter the trial court entered the judgment presently being reviewed and again awarded substantial compensatory damages in favor of plaintiff, Southern, against Jewelcor and Jewelcor and Madeira, jointly and severally, together with attorney’s fees. Most importantly, the trial court determined that Madeira and Jew-elcor were each entitled to 50% contribution from the other.
Prom that judgment Madeira has perfected this appeal and Jewelcor has cross appealed, the main focus of said appeals being the decision awarding 50% contribution to each defendant. This takes us back to the prior decision of this court pursuant to which the case was remanded.
In that regard, the final portion of said opinion regarding remand and the purposes therefore are ambiguous and leave something to be desired. After noting that the trial court denied Jewelcor’s claim to contribution from Publix and Madeira because it intentionally caused Southern’s injuries and damages, while holding that Publix and Madeira were entitled to contribution against Jewelcor despite their conscious and knowing acts, this court held the ruling inconsistent. If Jewelcor was barred from contribution, Publix and Madeira were likewise barred, this court opined.
Curiously, the foregoing was then followed by a statement that on remand the trial court must determine whether Madeira’s conduct was such as to bar it from contribution. Whereupon, after observing that Madeira and Publix did not respond in their briefs to Jewelcor’s cross-claim, this court said: “Nevertheless, we remand the matter to the trial court for a determination of the parties’ right to contribution.”
We conclude that this court intended on remand that the question of contribution between Jewelcor and Madeira be revisited and that, in the light of this court’s opinion, a new determination of that question be made.
Upon remand, the trial court did reconsider “the parties’ right to contribution” and found each entitled to 50% contribution against the other, thus complying with this court’s mandate. In our judgment, no reversible error has been demonstrated regarding that finding. Accordingly, the judgment appealed from is affirmed.
GLICKSTEIN, J., and WETHERINGTON, GERALD T., Associate Judge, concur.