CAMPBELL, Acting Chief Judge.
Appellee, Meadowlawn Pharmacy, Inc. (Meadowlawn), as lessor, sued appellant, Jack Allen Langworthy (Langworthy), individually, and Langworthy and Associates, Inc., a Florida corporation, as lessees, for damages that allegedly resulted from the breach of a lease with Meadowlawn by the lessees’ failure to pay the rent. The court entered final judgment against Langworthy and Langworthy and Associates, Inc. Lang-worthy now seeks reversal of the final judgment only as it relates to his individual liability. We find that the trial judge erred in finding Langworthy personally liable on the issues that were framed by the pleadings and, therefore, properly before the trial judge for adjudication.
*893 The April 24, 1985 lease provided, among other things, for a one-year term lease of merchandising space to “Langworthy and Associates, Inc., d/b/a Hearing Labs” as lessee. The rental payments were to be based, in part, on a percentage of sales and services and the lessee was to furnish Meadowlawn with a certificate of insurance covering general liability. The designated tenant was the lessee “Langworthy and Associates, Inc., d/b/a Hearing Labs.” As president and principal shareholder of Langworthy and Associates, Inc., Langworthy executed the lease on behalf of Langworthy and Associates, Inc. The lease terminated by its own terms on April 23, 1986, and was never renewed. Langworthy and Associates, Inc. was dissolved in 1989. However, in 1985, before the lease expired, Langworthy created another corporation, Hearing Labs, Inc., of which he was also president and principal stockholder and which began making the Meadowlawn rent payments on Hearing Labs, Inc. checks. A Hearing Labs, Inc. form was also included with the rent payments, and the required professional liability insurance certificate listed Hearing Labs as the insured. Although the lease required the tenant to obtain Mea-dowlawn’s consent before assigning its rights or obligations under the lease, Meadowlawn was never asked for permission to assign Langworthy’s interests to Hearing Labs. Rather, Meadowlawn regularly accepted the rent payments from Hearing Labs until 1992, when Hearing Labs, Inc. vacated the premises and stopped paying rent.
Meadowlawn then filed a complaint for recovery of unpaid rent against its named tenant Langworthy and Associates, the corporation, and Langworthy, individually. The complaint alleged breach of contract and requested distress for unpaid rent and an accounting. The complaint failed, however, to allege any causes of action specifically against Langworthy other than for his alleged unlawful use of a fictitious name and a demand from him for attorney’s fees. The complaint also failed to allege any facts indicating that Langworthy and Associates, Inc. had been dissolved and/or that Langworthy purported to act on behalf of the dissolved corporation and/or that Langworthy was personally liable because of such purported activity pursuant to section 607.1421(4), Florida Statutes (1991), or predecessor statutes. Hearing Labs, Inc. was not made a party to the proceedings nor was it sought to be made a party, and Langworthy denied ever doing business personally as Hearing Labs, Inc.
At trial, despite Langworthy’s objection that any personal liability he might have due to the corporation’s dissolution was not pled and was not at issue, the court allowed testimony and other evidence to be presented regarding Langworthy’s alleged individual liability. Even so, Meadowlawn neither moved to conform the pleadings to the evidence nor attempted to plead or prove facts that would allow it to “pierce the corporate veil” so as to hold Langworthy individually liable for the acts of his two corporations.
Meadowlawn has argued that the court was correct in finding Langworthy personally liable under section 607.1421(4), or its predecessors, and cites in support thereof Anderson v. Hillsborough Sheet Metal, 513 So.2d 1359 (Fla. 2d DCA 1987); Terranova Corporation v. Fried, 548 So.2d 270 (Fla. 3d DCA 1989) and Mobil Oil Corporation v. W.A. Thoss, 385 So.2d 726 (Fla. 5th DCA 1980). Meadowlawn, however, as we have observed, never sought to frame such an issue by its pleadings, never sought to amend its pleadings to state such an issue, and such issue was never tried by the express or implied consent of Langworthy.
Meadowlawn also argues that there is support for its theory that Langworthy and Langworthy and Associates, Inc. violated Florida’s fictitious name law throughout the duration of the tenancy, the named tenant under the lease being “Langworthy and Associates, Inc., d/b/a Hearing Labs.” Mea-dowlawn argues that the name “Hearing Labs” was never registered for use as a fictitious name and that there was ample evidence that Langworthy continued to do business under the name “Hearing Labs” throughout the duration of the tenancy. That argument ignores the fact that Hearing Labs, Inc. was incorporated by Langworthy shortly after the execution of the written lease.
*894 Our examination of the pleadings and the evidence provides no basis for holding Lang-worthy personally liable to Meadowlawn. See Barkett v. Hardy, 571 So.2d 13 (Fla. 2d DCA 1990); Harrell v. Accurate Orthotics & Prosthetics, Inc., 529 So.2d 358 (Fla. 2d DCA 1988); Jewelcor Jewelers & Distribs., Inc. v. Southern Ornamentals, Inc., 499 So.2d 850 (Fla. 4th DCA 1986), rev. denied, 509 So.2d 1118 (Fla.1987).
We, therefore, reverse the final judgment only insofar as it holds Langworthy individually liable.
SCHOONOVER and BLUE, JJ., concur.