PER CURIAM.
In an action for breach of a purchase-sale agreement and a counter action for a broker’s commission, plaintiff-appellant Kaye, as seller, seeks review of an adverse final judgment entered by the court.
Defendant Block agreed to purchase plaintiff’s waterfront residence and a standard form deposit receipt, which called for a purchase price of $115,000 and a deposit of $11,500, was executed by the parties. The terms and conditions of the contract included the following:
“This offer to purchase is subject to competent inspections, at the purchaser’s expense, showing the premises to be free of termite infestation, the roof to be in leakproof condition, and the seawall to be in good condition. Should there be termite infestation, the roof not in leak-proof condition or the seawall not in good condition, seller agrees to correct such condition at his expense.”
Arrangements were made for the required termite, roof and seawall inspections but problems developed, particularly with the seawall inspection, that precluded the necessary information from being compiled. Witnesses at the trial testified that the divers sent to the subject residence could not perform the seawall inspection because they were refused entrance to the premises, the gates were locked and they were not given permission to enter the back yard.
When the roof was inspected the exact amount of damage could not be ascertained because tiles had to be removed and the interior structure of the roof examined. A figure was estimated for the cost of the repairs ranging from a low of $800 for cursory repairs to approximately $4,000 if a new roof was necessary. Plaintiff subsequently obtained her own report that indicated the roof needed repairs estimated in the amount of $660. The report acquired by plaintiff was delayed in reaching defendant’s attorney until after the proposed closing date.
The final report required by the deposit receipt indicated a positive termite inspection at the subject property with an estimated amount of $465 for eradication.
Plaintiff commenced this action by filing her complaint alleging that defendant Block, without cause or reason, refused to purchase the property after plaintiff performed all of the obligations required of her under the terms of the contract, and sought one-half of the deposit of Eleven Thousand *190 Five Hundred Dollars paid in escrow under the terms of the agreement. Block filed her answer and a counterclaim seeking the return of her deposit, interest and costs. Defendant Justice was named as a party in the amended complaint, and he filed his answer and a counterclaim for his commission.
A meticulous examination of the record on appeal reveals that the transaction was frustrated by the actions of the plaintiff-seller Kaye. Plaintiff was not cooperative with the defendants in their efforts to inspect the seawall, the roof and the house for termites as required by the deposit receipt. She continued to thwart the closing by failing to give the purchaser a proposal for an allowance in the purchase price based upon the results of the three inspections contemplated by the deposit receipt. At the same time defendant Block, purchaser, and defendant Justice, broker, did all they could to effectuate and complete the sale. Under this set of circumstances the purchaser is entitled to recover the money she placed on deposit.
A broker must accomplish what he set out to perform to be entitled to his commission. Fenton v. Bancroft Hotel Associates, Inc., Fla.App. 1972, 265 So.2d 67. However, when the broker performs pursuant to his contract and procures a customer who is ready, willing and able to purchase according to the terms of the offer but the transaction is defeated because of some fault of the seller, the broker is entitled to his commission although the transaction is not consummated. Perper v. Edell, 1948, 160 Fla. 477, 35 So.2d 387; Willis v. Clark, Fla.App.1961, 135 So.2d 260; Melvin v. West, Fla.App. 1958, 107 So.2d 156.
The other issues raised by appellant have been reviewed and were found to be without merit. Accordingly, based on the above, the lower court’s final judgment is affirmed.
Affirmed.