PER CURIAM.
AT & T was a defendant in a suit brought by one of its customers, American Bilingual School (American), to recover damages occasioned by periodic break downs in a newly installed communication system. The case went to the jury on issues of breach of contract and negligence. A verdict of $75,000 for the plaintiff was returned. AT & T appeals from orders denying its motion for a new trial on damages or for remittitur.
At issue is the clarity of paragraph 15 of a Service/Purchase Agreement which pro *653 vides an exclusive remedy and limits damages in the event of equipment failure. Paragraph 15 provides in part:
15. EXCLUSIVE REMEDIES
B. If a failure or defect in a product under a service order continues for more than twenty-four (24) hours, Customer’s account then shall be credited in an amount equal to any recurring charge applicable to the failed or defective products or services for the period of such failure or defect.
C. Customer’s sole remedies against ABI[1] or any affiliated subcontractor or supplier for loss or damage caused by any product defect or any partial or total failure of any product or service provided under this Agreement or arising from the performance, delays, or nonperformance of any installation, maintenance, warranty or repair work under this Agreement; regardless of the form of action, whether in contract, tort including negligence, strict liability or otherwise, shall be, where applicable (i) Customer’s right to receive the repair or replacement service described in Section 12, (ii) Customer’s right to receive the credit set forth in (B) above for products provided under service orders, (iii) Customer’s right to terminate under Section 17(c), and (iv) the lesser of (a) the amount of actual direct damages which are proven or (b) the equivalent of one (1) month’s recurring charges for the products or services directly involved which would apply if they were provided on a month-to-month service agreement at the time of loss.
D. The foregoing remedies of Customer, together with the remedies provided in the section entitled “Patent and Copyright Indemnity,” shall be exclusive of all other remedies at law or in equity except for Customer’s right to claim damages for bodily injury to any person caused by the negligence of ABI.
AT & T argues that the damage-limiting provision of the contract is clear and that American was entitled to recover no more than $5,207 in damages.[2] American contends that paragraph 15 is vague and ambiguous, in which case a proper interpretation thereof was a jury question. The verdict of $75,000 approximates the purchase price of the system.
We agree with AT & T that the damage-limiting provision is both unambiguous and valid. See Rollins, Inc. v. Heller, 454 So.2d 580 (Fla. 3d DCA 1984) (a husband and wife were bound by clause in burglar alarm contract which limited loss damages in the event of an equipment malfunction even though the wife did not know the terms of the contract), rev. denied, 461 So.2d 114 (Fla.1985). In accordance with its pre-trial orders that damages would be limited to those provided by terms of the contract — an implicit determination that the contract was unambiguous — the court should have granted AT & T’s motion for reduction of the damage award. The jury could have awarded a higher amount of damages if there had been evidence to sustain a finding of fraud, see Mankap Enterprises, Inc. v. Wells Fargo Alarm Services, 427 So.2d 332 (Fla. 3d DCA 1983), but it found a breach of contract only and no fraud.
The issues raised by the cross-appeal are without merit.
Reversed and remanded for further proceedings consistent with this opinion.

. American Bell Inc. (ABI) was the name of AT & T Information Systems at the time the Service/Purchase Agreement was entered into.

. Plaintiff made an election to recover for damages rather than terminate the contract.
The amount of damages computed according to paragraph 15 equals the daily average charge, $63.50 x number of malfunction days, 52 + one month’s (recurring) charge, $1,905. AT & T produced evidence of the calculation method and the total damages.