FERGUSON, Judge
(dissenting in part).
This appeal is brought by an insurer from a final money judgment in favor of an insured plaintiff.
Plaintiff, Act I, Inc., designs, manufactures, and sells women’s clothes. Each fashion season it produces about 150 prototype garments to be shown at trade shows. If a sample garment receives a favorable response at the shows, Act I makes a pattern, and the garment goes into production. In 1980, Act I purchased a $50,000 primary insurance policy from Federal Insurance Company which contained a rider for garment show coverage. The rider provided:
It is understood and agreed that Garment Show Coverage is afforded in the amount of $50,000.00 per trade show which includes the transit to and from the trade show.
It is further understood and agreed that each garment will be valued at $7,500.00 until the $50,000 limit of liability is exhausted. ...
In May 1981 Act I asked its insurance agent to obtain $200,000 of excess insurance coverage. Defendant Northwestern National Insurance Company (NNIC) agreed to provide coverage and issued a policy which contained the following limitation:
4. Valuation. The Company shall not be liable beyond the actual cash value of the property at the time of any loss or damage occurs and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deduction for depreciation, however caused, and shall in no event exceed what it would cost to repair or replace the same with material of like kind or quality.
On April 4, 1983, thirty-seven sample garments were stolen in New York as they were being loaded onto a Federal Express truck for shipment to Act I’s Miami office for showing at the Merchandise Mart. Act I filed a claim for loss with the primary carrier and a $200,000 claim with NNIC.[1] NNIC denied excess coverage on grounds that the garments: (a) had not been shipped as cargo on a commercial airline *461 accompanied by a salesman as represented by Act I in procuring the policy; (b) were not in transit to and from a trade show at the time the loss occurred; and (c) were not worth $7,500 each as had been represented by Act I. Act I sued, and NNIC raised affirmative defenses of misrepresentation in regard to value of the garments and the method of shipment. NNIC’s motions for summary judgment on the issue of coverage was denied. The court directed a verdict in favor of Act I on the transportation issue, and the jury, finding no misrepresentation, awarded Act I the full $200,000 amount of the excess policy. A clear case for reversal is presented on the issue of valuation.
The primary policy provides that each garment would be valued at $7,500 until the $50,000 limit of liability was exhausted. The excess policy, differently, clearly provides that NNIC is not liable beyond the property’s actual cash value at the time of loss. Although there was an agreed $7,500 valuation for purpose of the basic policy, contrary to the majority’s implicit determination, there was no such agreement under the excess policy. Act I’s own agent admitted that the $7,500 figure had no relationship to the cost value of the garments and that each garment was worth approximately $2,225 at the time of loss. The jury could not have found otherwise because there is no other evidence of actual cash or replacement value.
Generally, a party to a contract may not, in the absence of fraud or other tortious conduct, recover more in damages than is provided for by the damage-limiting provision in the agreement. See AT & T Information Sys. v. Enterprises, A.B.C., Inc., 486 So.2d 652 (Fla. 3d DCA), review denied, 492 So.2d 1331 (Fla.1986). The primary $50,000 policy fully covered six garments at the $7,500 value agreed to in the basic policy rider. The excess insurer’s liability for the remaining thirty-one garments, limited by the policy to proven cash value at the time of loss, could not exceed $68,975 (31 x $2,225).
I would, as this court did in AT & T Information Sys., reduce the damages as a matter of law.

. Federal Insurance Company settled the $50,-000 limit under the basic policy and was not a party to the litigation.