PER CURIAM.
Affirmed. Although the language of the case law is somewhat confusing we believe the law of damages, as enunciated by the Florida Supreme Court, authorizes an award of damages to a contractual vendee to include the profit made by the vendor on the sale of the property to a subsequent purchaser even though there is no proof of fraud or bad faith. See Gassner v. Lockett, 101 So.2d 33 (Fla.1958). We also believe there is sufficient evidence in the record to support the trial court's conclusion that appellant, either by its actions throughout the course of the transaction spanning over two years or in failing to properly invoke its rights, had waived the provisions of the contract making time of the essence. Finally, since the damages involved herein, the deposit and the profit on the subsequent sale, involve amounts determined to have been wrongfully withheld by the appellant from appellee at a date certain in the past, we reject appellant’s claim that interest was not recoverable. See Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).
ANSTEAD, DELL and WALDEN, JJ., concur.