531 So.2d 334 (1988)
COPPOLA ENTERPRISES, INC., Petitioner,
v.
Helen ALFONE and Arvida Realty Sales, Inc., Respondents.
No. 70813.
Supreme Court of Florida.
September 29, 1988.
Arthur C. Koski, Boca Raton, for petitioner.
Mark Shumaker, Boca Raton, and Jay M. Levy of Hershoff and Levy, P.A., Miami, for respondents.
*335 KOGAN, Justice.
We review Coppola Enterprises, Inc. v. Alfone, 506 So.2d 1180 (Fla. 4th DCA 1987), based upon apparent conflict with Horton v. O'Rourke, 321 So.2d 612 (Fla. 2d DCA 1975), and Vogel v. VanDiver, 373 So.2d 366 (Fla. 2d DCA 1979). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On April 18, 1978, Helen Alfone contracted with Coppola Enterprises, Inc. (Coppola) to purchase a residential lot and single family home to be constructed by Coppola (Unit 53). The purchase price of Unit 53 was $105,690.00. Alfone placed a $10,568.00 deposit on the property.
Closing was projected for "Winter 1978-79" but did not take place until late summer 1980 due to construction delays. The contract provided that the closing was to occur after ten days written notice from the seller to the purchaser.
Upon receipt of the letter informing her of the tentative date set for closing, Alfone immediately sought financing to purchase the property. However, when she was unable to acquire the necessary financing within the time required, Alfone's attorney requested additional time within which to pay the balance due on the property. Taking the position that time was of the essence, Coppola refused Alfone's request and subsequently resold the property for $170,000.00.
The trial court found that Coppola failed to exercise good faith by refusing Alfone a reasonable time to close and by terminating the contract. Final judgment was entered for Alfone, and she was awarded "benefit of bargain" damages of $64,310.00 together with prejudgment interest of $43,295.38.[1] The Fourth District Court of Appeal affirmed the judgment and damages award, holding the "award of damages to a contractual vendee [includes] the profit made by the vendor on the sale of the property to a subsequent purchaser even though there is no proof of fraud or bad faith." 506 So.2d at 1181.
The district court was correct to award damages to Alfone equal to the profit made by Coppola on the subsequent sale. Under this Court's opinion in Gassner v. Lockett, 101 So.2d 33, 34 (Fla. 1958), "where a vendor is unable to perform a prior contract for the sale of the lands because of a subsequent sale of the same land, he should be held, to the extent of any profit in the subsequent sale, to be a trustee for the prior vendee and accountable to such vendee for any profit." In Gassner the seller, who was old and extremely forgetful, conveyed certain property to the buyer. Some months later he conveyed the same property to a subsequent purchaser. This Court concluded the record showed the transaction was not made in bad faith, but nevertheless the seller should not be permitted to profit from his mistake, even though it was made in good faith. The Court awarded, among other things, damages to the buyer that included any profit the seller may have made as a result of the second sale.
The Gassner rationale also applies here. Coppola was obligated to sell Unit 53 to Alfone under their contract. The provisions of the contract making time of the essence were waived because construction delays postponed the closing for more than a year and a half past the "Winter 1978-1979" date originally set for closing. Under these circumstances Alfone was entitled to a reasonable time in which to acquire the funds to pay the balance due on the property. Once Coppola breached its contract with Alfone and was unable to perform due to the sale of Unit 53 to a subsequent purchaser, Alfone was entitled to damages equal to Coppola's profits from the sale.
We need not address whether Coppola's decision to sell Unit 53 to a subsequent purchaser involved bad faith. Resolution of that issue is not dispositive here. As in Gassner the buyer is entitled to these damages whether the sale to the subsequent purchaser involved bad faith or was merely the result of a good-faith mistake. A seller will not be permitted to profit from his breach of a contract with a buyer, even *336 absent proof of fraud or bad faith, when the breach is followed by a sale of the land to a subsequent purchaser.
Our holding in this case does not conflict with either Horton v. O'Rourke or Vogel v. VanDiver. The Second District Court of Appeal correctly held in both instances that benefit of bargain damages were inappropriate in an action involving the breach of a contract to sell real property, absent a showing of fraud or bad faith on the part of the seller. In both Horton and Vogel, the breach was not followed by a sale of the property to a subsequent purchaser and a profit to the seller. Rather, the breach in both cases prevented the seller from conveying the property altogether. Since no benefit inured to the seller as a result of the breach, benefit of bargain damages were not appropriate.
In this case, because Unit 53 was sold to a subsequent purchaser following the breach of contract by Coppola, Alfone is entitled to the damages awarded by the trial court equal to the profit made by Coppola on the sale plus prejudgment interest.[2] Having harmonized this case with the decisions in Horton v. O'Rourke and Vogel v. VanDiver, we determine no conflict exists between these cases. Therefore, the petition for review is dismissed.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, J., did not participate in this case.
NOTES
[1] Coppola does not contest the award of prejudgment interest to Alfone.
[2] The award should also include a return to Alfone of her initial deposit on Unit 53.