BASKIN, Judge.
Anthony Avellone, the seller in a failed real estate transaction, appeals the final judgment granting the prospective buyers, Abdul and Eileen Mehta, the return of their deposit, with interest; he also appeals the final judgments awarding the buyers attorney’s fees and costs. The buyers cross-appeal, contending that the trial court erred in denying them damages for loss of tax benefits and in awarding them less than the requested amount of attorney’s fees. We affirm.
First, we hold that substantial competent, albeit disputed, evidence supports the trial court’s findings that the seller breached the contract and that the buyers did not prevent the seller’s compliance with the contract. See Kaye v. Block, 268 So.2d 188 (Fla. 3d DCA 1972); see also Reider v. P 48, Inc., 362 So.2d 105 (Fla. 1st DCA 1978), cert. denied, 367 So.2d 1126 (Fla.1979).
Second, we find that the trial court properly denied the buyers’ claims for damages based on lost tax benefits.
The law is well settled that in an action brought by the vendee against the vendor upon a valid contract for the sale of land when the vendor has breached such contract, the general rule as to the measure of damages is that the vendee is entitled to such purchase money as he paid, together with interest and expenses of investigating title. This rule, however, does not apply where there is want of good faith in the vendor, which may be shown by any acts inconsistent with the utmost good faith.[1]
Key v. Alexander, 91 Fla. 975, 980, 108 So. 883, 885 (Fla.1926); see Gassner v. Lockett, 101 So.2d 33, 34 (Fla.1958). There is no proof that the seller “neglect[ed] or refused] to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one’s rights or duties, but by some interested or sinister motive.” Port Largo Club, Inc. v. Warren, 476 So.2d 1330, 1333-34 (Fla. 3d DCA 1985) (emphasis supplied). On the contrary, the evidence supports the trial court’s finding that the seller mistakenly depended on his attorney to resolve non-legal contractual obligations and did not act in bad faith.[2]
Third, we find no abuse of the trial court’s discretion in its award of expert witness fees to the buyers. Although the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions and section 92.231, Florida Statutes (1987), provide that the trial court shall award fees for experts who testify about matters pending before the trial court, contrary to the seller’s assertion, those authorities do not necessarily exclude awards when the expert testimony is in the form of a proffer. See Conboy v. City of Naples, 230 So.2d 476 (Fla. 2d DCA), cert. denied, 237 So.2d 537 (Fla.), cert. denied, 400 U.S. 825, 91 S.Ct. 48, 27 L.Ed.2d 53 (1970). “Imposition of costs after judgment is largely within the discretion of the trial judge, and will not be disturbed on appeal absent a clear showing of abuse of that discretion.” Goslin v. Racal Data Communications, Inc., 468 So.2d 390, 392 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla.1985).
Finally, we hold that the trial court did not abuse its discretion in its award of attorney’s fees. Schlachtman v. Mitrani, *1124 508 So.2d 494 (Fla. 3d DCA), cause dismissed, 518 So.2d 1278 (Fla.1987).
Affirmed.

. In Coppola Enter., Inc. v. Alfone, 531 So.2d 334, 335-36 (Fla.1988), the Florida Supreme Court held:
As in Gassner [v. Lockett, 101 So.2d 33, 34 (Fla.1958),] the buyer is entitled to ... damages [equal to seller's profits from the sale] whether the sale to the subsequent purchaser involved bad faith or was merely the result of a good-faith mistake. A seller will not be permitted to profit from his breach of a contract with a buyer, even absent proof of fraud or bad faith, when the breach is followed by a sale of the land to a subsequent purchaser. The exception is inapplicable in this case. See Shakeshober v. Florida Resort Dev. Corp., 492 So.2d 816 (Fla. 4th DCA 1986), review denied, 504 So.2d 768 (Fla.1987).

. We reject the buyers’ contention that the trial court abused its discretion in excluding testimony pertaining to rental income. The reference to the rental income was stricken from the contract and the parties initialed the deletion. Furthermore, the court granted the seller’s motion to dismiss the buyers' claim alleging that seller misrepresented the rental income.