563 So.2d 94 (1990)
William Royall MIDDELTHON, Jr., As Trustee, Appellant,
v.
Charles J. CROWDER, As Trustee, Appellee.
No. 89-2000.
District Court of Appeal of Florida, Third District.
March 27, 1990.
Rehearing Denied July 18, 1990.
Ruden, Barnett, McClosky, Smith, Schuster & Russell and Woodrow M. Melvin, Jr. and Kenneth S. Klein, Miami, for appellant.
Mallory H. Horton, Miami, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
A land purchaser claims error in the amount of damages he was awarded in a breach of contract action. The seller cross-appeals claiming no contract.
The appellant William Royall Middelthon, Jr. claims he contracted to purchase property from Cox Land Trust (appellee Charles Crowder, beneficiary), for $150,000. The *95 trust did not close and subsequently resold the property to a third party for $250,000. At the trial for breach of contract the jury was instructed:
If you find that the Defendant's predecessor breached a contract with the Plaintiff, William Royall Middelthon, Jr., as trustee, for the sale of real property and subsequently sold the real property to another buyer, the plaintiff is entitled to damages equal to the profit made by the seller in a sale to a subsequent purchaser... .
If you find for Plaintiff, William Royall Middelthon, Jr., as Trustee, on his claim, you are instructed the plaintiff's damages are in the principal sum of $100,000.00, less six and a half percent, as that sum was the difference between the $150,000.00 purchase price by plaintiff's contract and $250,000.00 purchase price provided by the contract for subsequent sale to Howard Scharlin. . You need not determine the amount of prejudgment interest to be awarded as the court will fix this amount as determined by law.
The jury rendered its verdict in favor of Middelthon but for $42,887.00. Middelthon filed a motion to conform verdict, seeking judgment of $93,500, the amount provided by the trial court's instruction on damages. Final judgment was subsequently entered awarding Middelthon $42,887.00. Middelthon appeals the amount awarded. Crowder cross-appeals claiming no binding contract.
On the main appeal we reverse with directions to the trial court to enter a verdict for the plaintiff in the sum of $93,500.00 plus applicable interest. The jury having found a binding contract, the breach by the seller entitled the purchaser to damages in the amount benefited by the owner by the subsequent sale, Coppola Enterprises, Inc. v. Alfone, 531 So.2d 334 (Fla. 1988), by the virtue of the two contracts. The measure of damages upon the breach is fixed and the jury was not at liberty, as in an unliquidated situation to pick a figure, but were required to conform to the court's instructions. AT & T Information Systems, Inc. v. Enterprises, A.B.C., Inc., 486 So.2d 652 (Fla. 3d DCA 1986), review denied, Enterprises, A.B.C., Inc. v. AT & T Information Systems, Inc., 492 So.2d 1331 (Fla. 1986).
We find no merit in the cross-appeal. A binding real estate contract may be proven by a series of documents or instruments in writing. See Rohlfing v. Tomorrow Realty & Auction Co., Inc., 528 So.2d 463 (Fla. 5th DCA 1988); Bader Brothers Transfer and Storage, Inc. v. Campbell, 299 So.2d 114 (Fla. 3d DCA 1974). There is no requirement that all parties, to be bound, have their signatures appear on the same instrument. Therefore, for the reasons above stated, we reverse with directions on the main appeal and affirm on the cross-appeal.
Affirmed in part.
Reversed in part.