382 So.2d 137 (1980)
Georgette QUIGLEY, Appellant,
v.
LAVENTHOL & HOWARTH, a Florida Partnership, Appellee.
No. PP-217.
District Court of Appeal of Florida, First District.
April 8, 1980.
William M. Mason, III, of Blalock, Holbrook, Akel & Poitevent, Jacksonville, for appellant.
Chester Bedell of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for appellee.
MILLS, Chief Judge.
Appellant Georgette Quigley, plaintiff below, urges on appeal that the entry of a summary judgment by the trial court was error. We affirm.
Appellant was offered employment by appellee accounting firm at a salary of $17,500 payable biweekly, such employment to begin in September upon a mutual determination of an acceptable date by the parties. The employment was offered on 8 September *138 1978 and accepted on 16 September 1978. Subsequently, the accounting firm decided to close its office and Quigley never performed any duties.
She filed a complaint for breach of employment contract, asking for damages. Appellee filed a motion to dismiss for failure to state a cause of action, which was denied, and then filed an answer. Subsequently, it filed a motion for summary judgment on the grounds that since the contract did not provide any specific period of duration of employment it was terminable at will. An affidavit of John W. Chenoweth, manager of the firm's Jacksonville office, asserted that on 27 September before any decision was made as to what date Quigley was to begin working and before she did begin working, he informed her that the services would not be needed. The affidavit asserted, "I made it clear to her on September 27, 1978, that the offer of employment was withdrawn." A second affidavit, by a partner of the firm, stated that on 23 October 1978 he addressed and mailed a letter to the plaintiff which informed her of the decision to close the Jacksonville office. The motion for summary judgment was granted and a motion for rehearing was denied.
The contract at issue here was, as appellee urged in its motion for summary judgment, terminable at will because there was no provision for the duration of employment. Where there is no such provision, either party may terminate at any time. Savannah, F. & W.Ry. Co. v. Willett, 43 Fla. 311, 31 So. 246 (1901).
In Knudsen v. Green, 116 Fla. 47, 156 So. 240 (1934), the duration of the employment was unspecified, the salary was set at $200 per month, the former employee quit one job to take the new one, and the employment contract went into effect. Some months after the contract had taken effect and the employee had "stood by" ready to begin the work he had been hired to do, the employer repudiated the contract and hired someone else. In that case the court ruled that there was a breach of contract and the employee was due compensation for the time the contract was in effect.
Applying that rule to the facts of this case, we find that there was no breach of contract and Quigley was due no compensation because the contract never went into effect. Contrary to the assertion in appellant's brief, there was no agreed upon starting date, only an agreement to set a starting date in the future.
Accordingly, the final summary judgment entered by the trial court is AFFIRMED.
ERVIN and SHIVERS, JJ., concur.