901 So.2d 305 (2005)
B. Freeman IRBY, M.D., Appellant,
v.
MEMORIAL HEALTHCARE GROUP, INC., d/b/a Memorial Hospital Jacksonville, Appellee.
No. 1D04-3006.
District Court of Appeal of Florida, First District.
April 29, 2005.
John D. Buchanan, Jr., and Laura Beth Faragasso of Henry, Buchanan, Hudson, Suber & Carter, P.A., Tallahassee, for Appellant.
Dennis E. Guidi of Harris, Guidi, Rosner, Dunlap, Rudolph, Catlin & Bethea, P.A., Jacksonville, for Appellee.
VAN NORTWICK, J.
B. Freeman Irby, M.D., appeals an adverse summary final judgment entered in his breach of contract action against Memorial Healthcare Group, Inc., doing business as Memorial Hospital Jacksonville (Memorial), appellee. We agree with the trial court that the undisputed facts show that the alleged agreement was no more than a proposal lacking numerous essential terms and, therefore, was not an enforceable contract. Accordingly, we affirm.
The alleged contract attached to the complaint was in the form of a letter dated March 28, 1997, which set forth a bullet point outline of various terms under which Irby would sell his private medical practice and become medical director for Memorial. Irby argues that the letter contains sufficient essential terms of a contract to create a binding agreement and that parol evidence could supply the missing details. Alternatively, he argues that, because the terms of the purported contract are disputed and susceptible to more than one construction, an issue of fact is created which cannot be resolved by summary judgment. We cannot agree with either argument.
As this court explained in Jacksonville Port Authority, City of Jacksonville v. *306 W.R. Johnson Enterprises, Inc., 624 So.2d 313, 315 (Fla. 1st DCA 1993):
While it is not necessary that all details of an agreement be fixed in order to have a binding agreement between parties, if there has been no agreement as to essential terms, an enforceable contract does not exist. "So long as any essential matters remain open for further consideration, there is no completed contract. In order to create a contract it is essential that there be reciprocal assent to a certain and definite proposition." Mann v. Thompson, 100 So.2d 634, 637 (Fla. 1st DCA 1958). Failure to sufficiently determine quality, quantity, or price may preclude the finding of an enforceable agreement.
Where the parties are continuing to negotiate as to these essential terms, there can be no meeting of the minds.
(Citations omitted).
It is clear on the face of the subject letter that it contemplated future actions of the parties which were required to be taken before a binding agreement could be reached. For example, although the letter states that Dr. Irby will be employed as a physician and the medical director for Memorial, no compensation, benefits, or other employment terms are provided. In addition, the letter states that Memorial will buy the gynecology component of Dr. Irby's practice and facilitate the sale or merger of the remaining obstetrics practice, but no price or other terms are provided. The text of the letter recognizes that it is incomplete when it states that "[o]bviously there are certain legal issues and other details that we must work through ..." and "hopefully, we can complete the practice evaluation and bring this agreement to substantial closure prior to May 1, 1997."
We agree with the findings and conclusions of the trial court:
The letter on its face is clear that this is a proposal and that details must be finalized. In addition, the letter contains a contingency regarding the price valuation of the Plaintiff's practice.
* * *
As stated previously, this is a claim for the breach of an employment agreement based solely on the existence of this letter. There are no factual disputes as to the terms of the letter. The issue before the court is whether or not the letter is sufficient to create an enforceable employment contract. As a matter of horn book law, specific performance of a contract will not be a right unless the agreement is clearly established. Mann v. Thompson et al., 100 So.2d 634 (Fla. 1st DCA 1958). To be enforceable, an agreement must be sufficiently specific and reflect the agreement by the parties to all essential terms. Williams v. Ingram, 605 So.2d 890 (Fla. 1st DCA 1992).
The contract at issue is only a letter setting forth a proposal. It is not definite on its face as to a number of key details, i.e., the terms of employment, the salary of the Plaintiff or the price evaluation of Plaintiff's practice, to name a few. Thus the letter is merely an agreement to make an agreement which is not enforceable as a contract under Florida case law. Quigley v. Laventhol & Howarth, 382 So.2d 137 (Fla. 1st DCA 1980). So long as any essential matters remain open for further negotiations, there is no binding contract. Midtown [Realty, Inc.] v. Hussain, 712 So.2d 1249 (Fla. 3d DCA 1998).
AFFIRMED.
KAHN and HAWKES, JJ., concur.